## Selmer et al. *v.* Smith et al., Appellants.

*Service of process—Process—Fraud—Enticement into jurisdiction—Waiver—Laches—No injury to adversary—Statute of limitations—Setting aside service.*

1. Only the party injured, and those in privity with him, can be heard to complain of a voidable fraud practiced on him.

2. A defendant who alleges that he was fraudulently enticed within the jurisdiction of the court in order to have its process served on him, must act promptly, after such service, or he will be deemed to have waived objection thereto, if, by reason of the delay, the rights, interests or obligations of the plaintiff have been altered for the worse.

3. Where there is no statute designating the time within which a particular proceeding must be begun, the courts, by analogy, apply the limitations expressed in such statutes as deal generally with the subject-matter of the litigation.

4. Ordinarily, fifteen days after service will be deemed a sufficient allowance of time for moving to set it aside on the ground that defendant was fraudulently enticed within the jurisdiction of the court in order to obtain such service on him.

5. Laches will not be imputed to a party where his delay has not resulted in injury to his adversary.

6. Whether or not a party is chargeable with a want of due diligence in failing to institute or prosecute his proceeding, must be determined from a consideration of the circumstances of the particular case.

Argued November 23, 1925. Appeal, No. 351, Jan. T., 1925, by defendants, from order of C. P. No. 4, Phila. Co., Dec. T., 1924, No. 5971, discharging rule to set aside service of process, in case of Joseph Selmer, by his father and next friend, Steven Selmer, and Steven Selmer, in his own right, v. C. P. Smith et al., trading as Neversink

Slag Co.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Rule to set aside service of process.  Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

Rule discharged.  Defendants appealed.

*Error assigned* was order, quoting record.

*Lewis M. Stevens,* with him *Gerald Ronon* and *Bayard Henry,* for appellants.—Service on a defendant will be set aside when it appears he was induced to come to the jurisdiction where service was made, by the fraud, misrepresentation, or deception of plaintiff or his agent: Hevener v. Heist, 9 Phila. R. 274; Sloan v. Green, 7 W. N. C. 408; Trattner v. Forman, 10 Pa. Dist. Ct. 566; Hostetter v. Hirsch, 14 Lanc. L. R. 110.

*William Y. C. Anderson,* with him *William Charles Brown,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, January 4, 1926:

Three partners, who were residents of Berks County, were sued in the courts of Philadelphia County, and the summons was served on two of them while they were temporarily in the latter county.  The three filed a petition averring that the service upon one of their number "was procured......through deception and fraud, in enticing and inducing the [one] defendant into the said City and County of Philadelphia by false and fraudulent statements and representations [later specified], at the instance and procuration of plaintiffs, or their agent or agents," and prayed that the service upon the two defendants be set aside.  In answer to the rule to show cause, granted on that petition, plaintiffs denied its allegations, and further averred that, upon their own

showing, "defendants are guilty of laches in not filing said petition until April 6, 1925, to set aside a service made on January 6, 1925." Depositions were taken by defendants, which give no explanation of the delay referred to, but tend to prove that one defendant was enticed within the jurisdiction of the court; from this evidence they argue there was sufficient, in the absence of proof to the contrary, to justify the conclusion that plaintiffs were guilty of the fraud. The court below decided that the depositions did not make out a prima facie case, and dismissed the petition; whereupon all three defendants appealed, and assign that order as error.

As only the party injured, and those in privity with him, can legally be heard to complain of a voidable fraud alleged to have been practiced on him, it would, perhaps, be sufficient to say that the three defendants had no joint right, in the court below or here, to complain of the service of the writ on two of them; that even those two had no valid ground to complain of the service upon both, because of a fraud practiced on one only; and hence we should dismiss the appeal, since the only assignment of error asks us to reverse the court below for refusing to set aside the service as to both defendants. We will not, however, decide the case upon these grounds, since the unexplained delay in proceeding, in itself, compels us to refuse to grant the relief sought.

The relevant facts may be stated chronologically as follows: On June 11, 1923, the minor plaintiff is alleged to have been injured by the negligence of defendants. On July 17, 1923, he sued them in Berks County, but, for some unspecified reason, no statement of claim was filed in that proceeding. On December 29, 1924, the present action was brought in Philadelphia County, the summons being returnable January 19, 1925. As stated, it was served on two of the defendants on January 6, 1925. On January 13, 1925, all of the defendants swore to the present petition. The next day, January 14, 1925, in ac-

cordance with the rules of the Berks County Court, they caused a non pros to be entered in the suit pending therein, because of a failure to prosecute it. On January 17, 1925, the statement of claim and notice to file an affidavit of defense were filed in the instant case. We were advised at bar, that these papers had been duly served, but when does not appear. On April 6, 1925, long after the return day of the writ, the three defendants filed their said petition, and obtained the rule to show cause, with a stay of proceedings. On May 4, 1925, the depositions were taken. On May 23, 1925, the rule to show cause was discharged, but, on May 25, 1925, it was reargued and, on the same day, the order theretofore made was directed to "stand as the judgment of the court." On June 8, 1925, the last day possible under the Act of March 5, 1925, P. L. 23, the present appeal was taken. Three days later, on June 11, 1925, the cause of action was barred, so far as concerns any possible new suit. On November 23, 1925, the appeal was argued in this court.

It has long been held that one who would have a status restored, because it was altered by reason of a voidable fraud practiced upon him, must act promptly, or he will be deemed to have waived his right to object. While this rule has usually been applied in matters of contract, because generally the question arises in that class of cases (Corporation Funding & Finance Co., Inc., v. Stoffregen, 264 Pa. 215, 219; Kinter v. Commonwealth Trust Co., 274 Pa. 436), nevertheless it is applicable wherever laches can properly be alleged. Of course, laches will not be imputed to a party where his delay has not resulted in injury to his adversary (Montgomery Bros., Inc., v. Montgomery, 269 Pa. 332), but if action is delayed beyond a reasonable time, and this has resulted in materially affecting the rights, interests and obligations of the opposite party, the relief asked will be refused (Callen v. Ferguson, 29 Pa. 247; Penn Mutual Life Ins. Co. v. Austin, 168 U. S. 685), the circumstances

of each particular case determining whether or not the party "is chargeable with a want of due diligence in failing to institute or prosecute his proceeding": Stevens v. Delaware, Lackawanna & Western R. R. Co., 278 Pa. 284, 293.

The chronological statement, set forth in the third paragraph of this opinion, demonstrates that appellant's delay has resulted in seriously "affecting the rights, interests and obligations" of plaintiffs; for, if defendants had exercised diligence and their contention had been sustained, the question here at issue could have been heard and determined in the court below, and on appeal in this court, before the two-year statutory limitation on plaintiffs' right to sue had expired. If it be suggested that a decision in appellant's favor will still leave the action pending in the court below, with a right to issue an alias summons therein, its negative value may be understood, when it is recalled that such writ cannot be served elsewhere than in Philadelphia County, and, as the one defendant who says he was enticed, testified, "to be exact, it must be six or seven years, before [the service referred to, since] I was" last in Philadelphia.

As there is no statute, determining what shall constitute a reasonable time for moving to set aside service of a writ, because of an alleged fraud practiced on the defendant, the courts, in solving the question, proceed, by analogy, to apply the other limitations expressed in such statutes as deal generally with the subject-matter of the litigation: Waring Bros. & Co. v. Penna. R. R. Co., 176 Pa. 172; Prettyman v. Irwin, 273 Pa. 522; Murta v. Reilly, 274 Pa. 584. From this standpoint, the applicable rule is plain. Under the Practice Act of May 14, 1915, P. L. 483, pleas in abatement are abolished, and all such defenses must be raised by an affidavit of defense, filed within fifteen days after service of the statement of claim and notice to file such affidavit. Under the Act of March 5, 1925, P. L. 23, an appeal must be taken in this kind of proceeding within fifteen days

after the order below is entered, and "a failure to appeal within the time specified will be deemed a waiver of all objections to jurisdiction over the defendant personally." These several limitations wisely suggest that usually only fifteen days should be allowed for moving to set aside service in cases like the present, and that unless a defendant, who believes he has been fraudulently enticed within the jurisdiction of a court, for the purpose of being served with its process, moves to set aside the service within that period of time, he will be deemed to have waived the right so to do, if, by reason of his failure to act thus promptly, the rights, interests or obligations of the plaintiff have been altered for the worse.

The order of the court below is affirmed.