## Stephens v. Lehnert.

*Orrin E. Boyle*, for plaintiffs; *Butz & Rupp*, for defendant and rule.

Reno, P. J., May 27, 1929.—The suit was instituted on Oct. 29, 1925, and on Oct. 31, 1925, a general appearance was entered for defendant. On March 23, 1927, plaintiffs filed their statement of claim, and on April 12,

1927, defendant filed an affidavit of defense and a counter-claim, to which plaintiffs replied on Jan. 4, 1928. Meanwhile, the case was placed upon the trial list for the January (1928) Term. On Jan. 18, 1928, it was continued "pending settlement." A settlement was not effected and the case was placed on the trial list for the April (1928) Term. Before the case was reached for trial, defendant filed a petition, praying that the court "determine preliminarily the question of jurisdiction in the Court of Common Pleas upon an action of *assumpsit* of the cause of action for which suit is brought and to issue a rule to show cause why such preliminary question should not be disposed of in accordance with the Act of Assembly of March 5, 1925, P. L. 23." A rule was granted, an answer filed and the question has been argued.

It will have been noted that the petition raising the question of jurisdiction was filed after defendant had entered a general appearance, had filed an affidavit of defense to the merits of the action, had filed a counter-claim, to which plaintiff had replied, and that the case was at issue and on the trial list. It will be noted, too, that the petition was filed two and a-half years after the suit was instituted and more than a year after the filing of the affidavit of defense.

The contract upon which the suit was instituted was executed on Feb. 10, 1920. The cause of action, according to plaintiffs' allegations, arose on March 28, 1920. The action was instituted within the period prescribed by the statute of limitations, but if plaintiffs are now turned out of this court upon a finding of no jurisdiction, that statute may prove an obstacle to the maintenance of another action elsewhere. To the extent that plaintiffs are imperiled by a threat of a plea of the statute of limitations they have been harmed by defendant's delay in raising the question of jurisdiction.

This circumstance furnishes the cue for the decision. The Act of March 5, 1925, *supra*, does not fix a time within which it must be invoked. It does not designate the point in the procedural process when the question must be raised, and because the court is authorized to determine the question "upon the pleadings," there is, perhaps, room for the argument that the question may be raised even after the defendant has filed his affidavit of defense. But, be that as it may, and upon that phase of the question we venture no opinion, it is patent that the act must be promptly invoked. The dominating purpose of the act is to secure, both below and in the appellate courts, a speedy, independent and final decision of the question of jurisdiction. An appeal lies from the decision of the *nisi prius* court, but "it must be taken and perfected within fifteen days from the date when the decision is rendered;" the appeal becomes returnable to the appellate court "on the third Monday after it is taken," and the appellate court is required to place the case "at the head of its argument list for civil causes." These clauses manifest the legislative desire for speedy adjudication, and that desire should not be thwarted by delay in initiating the proceedings. And in Selmer *v.* Smith, 285 Pa. 67, under the same act and giving effect to the above-quoted clauses, it was held that ordinarily fifteen days after service will be deemed sufficient time for moving to set aside service of process. It is true that in that case the jurisdiction of the court over the person of the defendant was involved, while in the instant case its jurisdiction over the subject-matter is in dispute; but we think that, even when the jurisdiction of the subject-matter is to be tested in the method provided by the Act of 1925, an application should be made at the first and earliest opportunity.

This requirement becomes more reasonable when we reflect that, after all, a party is not obliged by the act to secure a preliminary decision upon the

question of jurisdiction when jurisdiction is dependent upon the subject-matter. The act provides that "a failure to appeal . . . will be deemed a waiver of all objections to jurisdiction over the defendant personally," and is silent as to the effect of failing to appeal when the subject-matter is involved. Concerning this clause, the Supreme Court has said: "This clearly prohibits the raising of questions as to jurisdiction of the person at any time thereafter; but it has no such effect where jurisdiction of the subject-matter is the issue involved. The right to appeal directly and preliminarily is lost after fifteen days, whether jurisdiction of person or of subject-matter be the question, but, under the act, failure to appeal creates a waiver only in regard to the former; for jurisdiction of the subject-matter cannot be conferred by estoppel. So far as the latter character of jurisdiction is concerned, after the expiration of the fifteen days, the situation is exactly as it was before the Act of 1925, and the interlocutory order of the court below, except as to jurisdiction of the person, may be considered on appeal after final judgment on the merits:" Wettengel v. Robinson, 288 Pa. 362, 367. Accordingly, since the pending petition is not considered upon its merits, defendant may raise the question of jurisdiction subsequently in the proceedings, and ultimately in the appellate courts if the decision of the case upon its merits, including this question, is adverse to him.

Consequently, we hold that a petition for a preliminary determination of a question of jurisdiction under the Act of 1925 must be filed promptly: that is, always within fifteen days after service of the summons, if the purpose of the petition is to test the jurisdiction of the defendant's person; and generally within fifteen days after the service of the plaintiff's statement of claim, if the purpose is to test the jurisdiction of the court of the subject-matter. Unless defendant files his petition within this period, "he will be deemed to have waived the right to do so, [especially] if, by reason of his failure to act thus promptly, the rights, interests or obligations of the plaintiff have been altered for the worse:" Selmer v. Smith, supra.

Now, May 27, 1929, the rule to show cause why the question of jurisdiction should not be determined preliminarily is discharged.

From Edwin H. Kohler, Allentown, Pa.