### Buckley v. Shuler.

L. T. Schlesinger, for plaintiff; A. Stewart, for defendant.

MARTIN, P. J., June 19, 1929.—The sheriff returned a writ of summons in assumpsit: "Served Frank J. Shuler, the within-named defendant, on Feb. 22, 1929, by handing a true and attested copy of the within writ at 1539 N. 59th St., in the City and County of Philadelphia, State of Pennsylvania, the place of business of said defendant, to Michael Manley, the person for the time

being in charge thereof, being unable to ascertain the residence of said defendant within the County upon inquiry at said place of business."

A statement of claim was filed and served at the same time and in the same way.

An appearance *de bene esse* was entered for defendant by counsel "for the purpose of objecting to the service of the writ."

Defendant filed a petition, averring that he was a non-resident of the County of Philadelphia, residing in Norristown, Montgomery County, and that he never had a residence or place of business in the County of Philadelphia; that No. 1539 North 59th Street is not his place of business; that he was constructing a building at that location under contract with the owner and was simply the contractor for the construction, but had no title or interest in the building; that Michael Manley was not in charge of the premises at the time the copy of the writ was handed to him, but was a watchman employed to protect the property during its construction; that, under the statutes of Pennsylvania, a non-resident defendant, who has no place of business in the county where the writ of summons is issued against him, can be served therewith only by handing a true and attested copy thereof to him personally.

A rule was granted to show cause why the service of the writ of summons should not be set aside.

An answer to the petition was filed by plaintiff, averring that he is advised by counsel that the appearance for defendant *de bene esse* is in effect a general appearance and waiver of any defect in the service of the summons upon defendant, and that the question of jurisdiction can be raised by petition under the Act of 1925 without the need of the entry of an appearance; that the petition should have been filed within fifteen days from the service of the summons and statement of claim; and that plaintiff is advised by counsel, and, therefore, avers, that the sheriff's return, full and complete on its face, is conclusive upon the parties and cannot be set aside on petition.

It is further averred in the answer that plaintiff is advised that defendant has a place of business in the County of Philadelphia, in that he has a proprietary interest of some character in the premises No. 1539 North 59th Street, where he maintains an office as general contractor for the erection and construction of a rectory building for His Eminence, Dennis J., Cardinal Dougherty; and that No. 1539 North 59th Street is the present place of business of defendant in the County of Philadelphia, and that he maintains an office at that address as a general contractor for and about the erection of said building. It is averred that a non-resident may be served in the manner provided in the Act of May 4, 1852, P. L. 574; that the sheriff's return is full and complete, and, in the absence of fraud, which is not alleged in the petition, such return is conclusive upon the defendant and cannot be set aside on extrinsic evidence; and that defendant is barred by laches from maintaining his petition, since he has failed to file the petition within fifteen days of the service of the statement of claim, before the return-day of the summons and the entry of judgment and execution thereon.

Defendant replied to this answer that service of the writ may be attacked at any time before a general appearance, and averred that he was misled by the docket entries, which erroneously stated that the return-day of the writ was the fourth Monday of March, instead of the fourth Monday of February.

In his reply, defendant denied that he had any proprietary interest in the premises No. 1539 North 59th Street or that he maintained an office there; but averred that as the general contractor for the erection of the building he

built a small shack for the protection of the watchman employed by him. He also denied that Michael Manley was the person in charge of defendant's place of business at the time of service of the summons or at any other time.

A supplemental petition was filed by defendant, averring that the sheriff attempted to serve the writ of summons in this action under paragraph "e" of clause 1, of section 1, of the Act of July 9, 1901, P. L. 614; and that it does not apply to service made on a non-resident defendant, which is regulated by the provisions of section 1 of the Act of May 4, 1852, P. L. 574; and that the summons was not served in the manner prescribed by that act.

An answer was filed by plaintiff to this supplemental petition, in which it is averred that paragraph "e" of clause 1, of section 1, of the Act of July 9, 1901, P. L. 614, applied to service on defendant; that he had a place of business within the county and a proprietary interest of some character at the place of business, in that the building belonged to him until fully paid for and turned over to the owners of the land; that the appearance for defendant *de bene esse* was in effect a general appearance and waiver of any defect in the service of the summons touching the jurisdiction which had been raised by a petition subsequently filed under the Act of 1925, without the necessity for an appearance *de bene esse;* and that the petition to set aside the service should have been filed before the entry of judgment and execution thereon.

The deposition of defendant deposed that his residence is at Highland Avenue, Jeffersonville, West Norriton Township, County of Montgomery and State of Pennsylvania; that the writ was mailed by one of his employees in Philadelphia to his office in Norristown; that he is a general contractor and builder, and his place of business is on Washington Street, Norristown; that he never resided in Philadelphia or had a place of business there; that he had no place of business at No. 1539 North 59th Street on Feb. 22, 1929, when the writ was served, but was merely a contractor for the construction of the building, had absolutely no proprietary interest of any character in the building, and did not even maintain an office at that place, and employed Michael Manley merely as a watchman.

In Selmer et al. *v.* Smith et al., 285 Pa. 67, it was held that, although, ordinarily, fifteen days after service will be deemed a sufficient allowance of time for moving to set aside, laches will not be imputed to a party when his delay has not resulted in injury to his adversary; and whether or not a party is chargeable with a want of due diligence in failing to institute or prosecute his proceedings must be determined from a consideration of the circumstances of the particular case.

In Miller Paper Co. *v.* Keystone C. & C. Co., 267 Pa. 180, it was held, in the absence of fraud, a sheriff's return, full and complete on its face, is conclusive upon the parties and cannot be set aside on extrinsic evidence, but "where the return is defective or incomplete, it opens the door for extraneous evidence."

The return in the present case was incomplete in failing to state that defendant was a non-resident of the County of Philadelphia.

It was said in Daly et al. *v.* Iselin, 10 Dist. R. 193: "While it is true, in general, that a sheriff's return cannot be contradicted, the rule does not apply to everything contained in it. It is true only as to matters returned which the officer knows of his own knowledge, such as the time, place, manner of service and person upon whom made; but it does not apply to facts returned, the truth of which he could only know by hearsay, such as that defendant is a non-resident, doing business within the county, and that the person upon whom service is made is his agent. The return in this respect is not conclusive and may be contradicted."

"In order to give a good service upon a non-resident . . . the return must show defendant is such non-resident, that he is engaged in business in this county, and that the person upon whom the writ was served was the clerk or agent of defendant, and that the service was made at the usual place of business or residence of such clerk or agent. . . . The testimony taken on the rule to set aside the services shows that the person on whom the service of process was made was in no sense the agent of defendants to receive such service; that he was here temporarily, merely engaged in a single transaction, and that the place of business referred to in the return was in no sense a usual place of business; that defendants were non-residents, with no place of business, within the meaning of the law, within this county. . . . The fact that defendants were temporarily engaged in a single business transaction here would not alter their status in this respect:" Von Moschzisker, J., in O'Brien v. Bartlett, Hayward & Co., 29 Pa. C. C. Reps. 124, 126.

In the present case defendant was a non-resident of the county, he was engaged in a single transaction, No. 1539 North 59th Street was not his usual place of business, and Manley, the watchman, was not the clerk or agent of defendant.

The sheriff's return should be set aside.

And now, to wit, June 19, 1929, the rule to show cause why service of the writ of summons in the above entitled action should not be set aside is made absolute.