## Fehnel v. Gildner

*Smith & Paff* and *Francis J. Gafford*, for plaintiff.
*Herbert F. Laub*, for defendant.

STEWART, P. J., February 3, 1936.—This is a rule to show cause why a capias in trespass should not be quashed and set aside, and an exoneratur be entered upon the bail bond. From the petition and answer and the facts agreed on by counsel it appears that on September 23, 1935, the defendant was served by the sheriff of this county with a capias in trespass and entered a bond in the sum of $500. The cause of action was the alleged negligence of the defendant in striking and injuring certain cows of the plaintiff by his automobile. As a result of the accident defendant's car was impounded by the plaintiff, who refused to give it up to the defendant. After negotiations between the parties and their attorneys, it was agreed that the car should be delivered by the plaintiff to the defendant on a certain date, provided the defendant would go and talk over the matter with the plaintiff. The defendant did call and talk to the plaintiff, and about two minutes thereafter the defendant was served with a capias. The defendant is a resident of Monroe County. The main ground of the present application is contained in the fifteenth and sixteenth paragraphs of the petition, as follows:

"Fifteenth: That your petitioner was lured into the jurisdiction of the Court of Common Pleas of Northampton County by the trickery and false representations and promises of the said Roscoe Fehnel.

"Sixteenth: That by reason of the trickery practiced upon your petitioner, your petitioner is advised that the service on him of the capias in trespass, and the bond he was compelled to file to avoid incarceration in the Northampton County Prison, are defective and void."

The rule issued on November 18, 1935, 56 days after the bond was given. The return day was the second Monday of October 1935. The plaintiff contends that the present rule must be discharged for two reasons: (1) That the entry of bail is equivalent to general appearance in court, and (2) that the defendant by his laches has lost his right to object. Upon the first proposition he cites McCullough

v. Railway Mail Assn., 225 Pa. 118. Mr. Justice Mestrezat, at page 122, said:

"It is a familiar rule of practice in this state that an appearance by the defendant cures any defect or irregularity in the service of the writ. A defendant may appear in person or by counsel. If he appear by counsel, the latter causes his name to be entered on the record. It is not necessary, however, that the defendant should formally appear personally or by counsel to give the court jurisdiction, and to make him amenable to its order, decree or judgment. He will be regarded as having appeared if he give bail to the action, if he file an affidavit of defense to the merits of the cause, if he make defense before arbitrators or appeal from an award, or if he agree that an amicable action may be entered. By taking either of these steps in an action brought against him, the defendant submits himself to the jurisdiction of the court for the trial of the cause on its merits, and is bound by the judgment."

If the first question were the only one in this case, we would feel inclined to follow Guthan, etc., v. Gearhart, 23 D. & C. 709, where Judge Dannehower cites authorities, (all of the lower courts) to the effect that the entry of bail does not bar the defendant's right to the present rule. However, we think the second question rules the case against the defendant. In the early case of Borger v. Searle, 2 Dallas 110, the report of the case is as follows:

"On a *Capias* returnable to the present term, *Lewis* this day moved for a rule to shew the plaintiff's cause of action, and why the defendant should not be discharged on common bail; offering, at the same time, to file an agreement, that the question might be heard before a single judge at his chambers.

"*Bradford* objected, that this being the last day of the term, the motion was out of season. He did not dispute the power of the Court; but he appealed to their discretion, whether it would not be unreasonable to suspend the cause for three months, by granting the rule at so late a period.

"By the Court:—The motion is certainly out of time. Before the return of the *Capias*, a question of bail may be brought before a single judge; but after the return, it must be decided on an application to the Court; which ought to be made, on the first day, or, at least, within a reasonable period, after the commencement of the term. The present motion cannot, therefore, be granted."

In Kaniper v. Phillips et al., 1 Lehigh Val. Law Rep. 101, a petition was presented on August 24, 1885, to quash a writ of capias on the ground that an action of slander could not be maintained against two persons jointly. Two weeks afterwards a second petition was presented to quash the writ on the ground that the defendants were in attendance before a justice of the peace in an action wherein they were defendants. President Judge Schuyler held that this latter irregularity would be sufficient to quash the writ if it had been brought to the court's attention when the first petition was presented. He held the delay for two weeks was fatal to the application. In his opinion he relied on Green v. Bonaffon, 2 Miles 219, the syllabus of which is:

"A *capias ad respondendum* and its service will not be quashed, on a motion made to that effect, on the ground of defendant's privilege as a suitor at the time in another forum, where the motion is made after the defendant has obtained a rule to show cause of action which has been heard, and several days have elapsed."

In Massey v. Dantum, 12 W. N. C. 436, the opinion of the court is as follows:

"Dec. 29, 1882. The Court. The defendant was served on May 23, while here in attendance on Court. He was undoubtedly within the protection of the Court at that time. But this is a privilege that should be promptly asserted that the plaintiff may have notice, and be vigilant for a more effectual service. Defendant here did not take this rule for six weeks after the service, though he had, in the meantime, been in the city, and within reach of process more than once. This delay was a waiver of his privilege.

"Rule discharged."

See also King v. Embrey, 5 W. N. C. 97. In Morrow v. Dudley & Co., 15 Dist. R. 734, the service was made after a hearing in bankruptcy. The writ was returnable on February 26th. The rule to set aside the service was made February 10th, before the return day. Judge Archbald said that the established rule was that application to set aside the service should be made on or before the return day. The late President Judge Scott, in Yeakel v. Brands' Executors, 7 Northamp. 31, discussed the setting aside of service where the executors were served while they were attending a proceeding before a register of wills. The exact time when the application to quash the writ was made does not appear.

In Baxter v. Conroy, 26 Dist. R. 430, the syllabus is:

"Where a witness from another state, coming to Philadelphia for the sole purpose of taking depositions, was arrested on a *capias* and entered bail, but took no further steps for nearly three months, when he took a rule to set aside the service of the *capias*: *Held*, that he had waived his privilege by delay, and the rule was discharged."

Judge Wessel, in his opinion, cites many of the cases on the subject of delay. Selmer et al. v. Smith et al., 285 Pa. 67, 72, has been cited by both sides to sustain their respective contentions. We have examined the opinion of Mr. Justice Simpson carefully. He lays down the general rule that 15 days after service will be deemed sufficient allowance of time for moving to set aside the service, "and that unless a defendant, who believes that he has been fraudulently enticed within the jurisdiction of a court, for the purpose of being served with its process, moves to set aside the service within that period of time, he will be deemed to have waived the right so to do, if, by reason of his failure to act thus promptly, the rights, interests or obligations of the plaintiff have been altered for the worse." It will be noticed that he adds the qualifying words that the interests of the plaintiff have been altered for the worse. Just what the learned justice meant by

those words we do not understand, but, after considering all the cases cited, we are firmly of the opinion that where the chronological record is as in this case, to wit, service of the writ on September 23, 1935, return day of the writ the second Monday of October 1935, and the present motion to quash on November 18, 1935, the defendant's delay has been too great. Whether he should have made the motion within 15 days after September 23, 1935, as the last Supreme Court case would seem to imply, or whether it should have been made before the return day, as a number of the judges held, we do not decide.

And now, February 3, 1936, the rule to show cause why capias in trespass served on defendant should not be quashed, etc., is discharged, and defendant is directed to plead or answer sec. reg.