603 A.2d 1006

**PENN PIPING, INC., Appellee,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 28, 1990.

Decided Feb. 12, 1992.

Diane Barr Quinlan, Grogan, Graffam, McGinley & Lucchino, P.C., Pittsburgh, for appellant.

Alfred C. Maiello, Maiello, Andrews & Price, Lee V. Price, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Penn Piping, Inc. (PPI) filed an action against Insurance Company of North America (INA) alleging that INA defaulted on its promise to issue payment on performance bonds to parties who had contracted for PPI's services. An amended complaint was filed in 1981 and no other action of record was taken in the case until INA filed a motion to dismiss in 1987. The issue presented in this case is whether Superior Court erred in reversing the trial court's entry of judgment non pros against PPI on the grounds that INA

had made no showing of prejudice caused by the six year delay. For the reasons that follow, we reverse.

The services in question were performed in 1974, 1975, and 1976. PPI initiated suit in 1980 and amended its complaint in 1981, but INA never answered the amended complaint, and the next action of record is INA's petition, six years later on June 16, 1987, for a rule to show cause why the case should not be dismissed for failure to prosecute in accordance with Pa.R.J.A.1901. Twelve to fourteen years after the events in question, at the point of the appeal to Superior Court, no discovery had been taken.

After oral argument, the Court of Common Pleas of Allegheny County dismissed the action for failure of PPI to offer a "reasonable explanation for the inactivity." Judge Wettick noted that although a bankruptcy proceeding explained a delay until 1983, there was no explanation for PPI's failure to move the case forward after that.

On appeal, Superior Court reversed, 382 Pa.Super. 19, 554 A.2d 925. The court rejected PPI's arguments that INA contributed to the delay by not answering the amended complaint, noting that it was PPI's duty, not INA's, to proceed with the lawsuit. It also observed that PPI could have compelled action by giving notice, under Pa.R.C.P. 237.1, of its intent to take a default judgment, and thereafter, in the absence of a responsive pleading, filing a praecipe for entry of a default judgment under Pa.R.C.P. 1037(b).

Furthermore, Superior Court agreed with the trial court that PPI had shown a lack of due diligence and no compelling reason for its six year delay, but held that in the absence of a showing that INA was prejudiced by the delay, the case could not be dismissed. Superior Court's holding is based on *James Brothers Lumber Co. v. Union Banking and Trust*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968), where this court stated:

A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable prompti-

tude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses.

■ Before discussing Superior Court's rationale, it should first be mentioned that although both parties to this case in proceeding before Superior Court have relied upon Pa.R.J.A.1901, that rule, concerning the termination of inactive cases, has no applicability.[1] Pa.R.J.A.1901 provides for local rules to be promulgated implementing the policy of rule 1901. At the time of Judge Wettick's order, November 4, 1987, Allegheny County's local rule of court implementing Pa.R.J.A. 1901, former Rule 229(e), had been revoked. *See Taylor v. Oxford Land, Inc.,* 338 Pa.Super. 609, 488 A.2d 59 (1985), *aff'd* 513 Pa. 34, 518 A.2d 808 (1986). What is at issue, then, is the standards by which a court may

1. Pa.R.J.A 1901 provides, in pertinent part:

(a) **General Policy.** It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

(b) **Primary Responsibility for Implementation of Policy.**

(1) Each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court and to the community court or district justices of the peace of the judicial district....

(c) **Minimum Standards.** Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:

(1) In person or by mail to the last address of record of the parties or their counsel of record and setting forth a brief identification of the matter to be terminated; or

(2) By publication in the manner provided by rule of court in the legal newspaper designated by rule of court for the publication of legal notices in any case where notice by mail cannot be given or has been returned undelivered or where the docket of the matter shows no evidence of activity during the previous two years. Any matter terminated after notice by publication pursuant to this paragraph may be reinstated by the court after dismissal upon written application for good cause shown.

invoke its inherent power to dismiss a case for lack of activity on the docket.

It should be remembered that the rules concerning the dismissal of cases in which the docket has been inactive for an extended period of time reflect policy concerns which implicate the interests of both plaintiffs and defendants. On the one hand, if the suit is dismissed because of delay which can be laid at the door of negligent counsel, a plaintiff whose suit is dismissed may be without meaningful remedy, particularly where counsel is uninsured and without sufficient assets. On the other hand, where a plaintiff, without reasonable explanation, has delayed an inordinate time to pursue his action, a defendant may have difficulty defending because of the lapse of time, and we must make note of our cognizance of how anxiety based on apprehension of being sued can affect a defendant. Fairness demands that such anxiety not be unreasonably or unnecessarily prolonged.

■■■ Superior Court properly cited *Gallagher v. Jewish Hospital Ass'n*, 425 Pa. 112, 113, 228 A.2d 732, 733 (1967) as stating the standard of appellate review of granting a judgment of non pros:

It is well settled law that the question of granting a non pros because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the lower Court and the exercise of such discretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof.

In *James Bros.*, the case relied upon by Superior Court, we stated that the circumstances in which a court may exercise its discretion to enter a judgment of non pros, as stated above, are (1) a party has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused prejudice to the adverse party. We believe that the rule of *James Bros.* was modified, to some extent in *Shrum v. Philadelphia Electric Co.*, 440 Pa. 383,

269 A.2d 502 (1970), which holds that a lapse of time may in itself be presumptively prejudicial.

In *Shrum* the plaintiff filed timely motions to take off a nonsuit for one of the defendants and for a new trial. The plaintiff did not praecipe for argument on these motions, however, for seven years. In response to the argument that the plaintiff should be barred by laches from pursuing its claim, plaintiff answered that defendants could have put the case on the argument list, that defendant did not show that it was prejudiced, and that the trial court failed to have the trial proceedings transcribed. This court stated:

> [W]e think [plaintiff] was guilty of laches. It was her duty as the moving party, not that of the judge, to obtain a transcription of the trial record; and it was her duty as the moving party, not that of the appellees, to have the case put down for argument.... We have recently had occasion to criticize an unexplained delay of seven years on the part of a judge in deciding a motion for a new trial ...; surely there is no less reason to deplore a like delay by a litigant or counsel in bringing a post-trial motion on for argument. *Such a lapse of time is presumptively prejudicial to all parties even without any specific showing of prejudice on the record,* especially where, as here, the new trial being sought would take place twelve years following the occurrence involved. It is, moreover, incompatible with the orderly and prompt dispatch of judicial business. Normally only four days are permitted by the rules of court for the filing of post-trial motions; if a new trial is granted, it must be placed at the head of the next general trial list. Act of May 31, 1907, P.L. 357, § 1. A lengthy delay in bringing such a motion on for disposition does not comport with this pattern, designed for reasonable expedition in terminating litigation.

*In these circumstances, and in the discretion of the lower court, a judgment of non pros. might well have been entered.* See *James Bros. Company v. Union Banking and Trust Company of DuBois,* 432 Pa. 129, 247 A.2d 587 (1968); *Hruska v. Gibson* [316 Pa. 518, 175

A. 514 (1934)], *supra;* *Potter Title & Trust Co., Admr. v. Frank,* 298 Pa. 137, 148 Atl. 50 (1929). In the latter case this Court observed (page 142, 148 Atl. page 52): "As a matter of common fairness, he who brings another into court should prosecute the claim against him with reasonable diligence.... There is no greater reflection upon the administration of justice than the permission of endless litigation...." No such motions were filed, however, and the lower court did not decide the case on the ground of delay alone.

440 Pa. at 386–87, 269 A.2d at 504 (emphasis added).

It is instructive that the *Shrum* court indicates although a motion for non pros was not filed, if it had been, the trial court, in its discretion, might well have entered a judgment of non pros, citing *James Bros. v. Union Banking and Trust Co.* Some delays are presumptively prejudicial, and in these cases actual prejudice need not be shown.

The delay in this case was six years. The statute of limitations applicable to an action upon any payment or performance bond is one year. 42 Pa.C.S. § 5523(3). The lower courts agree that there was an absence of due diligence in prosecuting the case and that there was no compelling reason for the delay. At issue is whether the delay was presumptively prejudicial under *Shrum.* We believe it is, and we now hold that in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket. Thus, if there is a lack of due diligence in failing to proceed with reasonable promptitude; if there is no compelling reason for the delay; and if the delay is for two years or more, the case may be dismissed for lack of activity on the docket.[2]

2. Examples of situations in which there will be a per se determination that there is a compelling reason for the delay, thus, defeating dismissal, are cases where the delaying party establishes that the delay was caused by bankruptcy, liquidation, or other operation of law, or in cases awaiting significant developments in the law. There may, of course, be other compelling reasons which will be determined on a case-by-case basis.

 Applying this rule to the present case, lack of due diligence and the absence of a reasonable explanation for the delay have been established.[3] At issue is whether the presumption of prejudice from the six year delay was successfully rebutted. Two years of the six year delay were explained to the satisfaction of the trial court by PPI's involvement in a Chapter 11 bankruptcy proceeding. Four years, however, remain unexplained. Since the four year unexplained delay exceeds two years, the trial court did not abuse its discretion in dismissing the case.

Order of Superior Court is reversed. Order of the Court of Common Pleas of Allegheny County is reinstated.

ZAPPALA, J., files a dissenting opinion which is joined by LARSEN and CAPPY, JJ.

ZAPPALA, Justice, dissenting.

I dissent. The majority has chosen to ignore the well-established rule in this Commonwealth that the grant of *non pros* is founded upon the equitable principle of laches not the statute of limitations. *James Brothers Lumber Company v. Union Banking and Trust Company of Du-Bois*, 432 Pa. 129, 132–133, 247 A.2d 587, 590 (1968). The question of laches does not depend, as does the statute of limitation, upon the fact that a certain time has elapsed since the cause of actions accrued, but whether under all the facts and circumstances of the particular case, the plaintiff is chargeable with want of due diligence in failing to proceed with reasonable promptitude. *Manson v. First National Bank*, 366 Pa. 211, 215, 77 A.2d 399, 401 (1951). Nor will the plaintiff be penalized for laches if his delay has not resulted in injury to his adversary. *Id.* 366 Pa. at 216,

---

**3.** On appeal to this court, PPI persists in its erroneous assertion that INA was responsible for not moving the case forward:

In the instant case, the delay has been caused by a Defendant's failure to file an Answer. If there is any lack of due diligence, it would be on the part of INA in failing to file an Answer.

PPI brief at 9. PPI, not INA, was responsible for moving the case forward, and PPI had the remedies set out above in forcing a recalcitrant INA to proceed.

77 A.2d at 402 citing *Montgomery Brothers, Inc. v. Montgomery,* 269 Pa. 332, 112 A. 474 (1921); *Selmer v. Smith,* 285 Pa. 67, 70, 131 A. 663, 665 (1926); and *Quinn v. American Spiral Spring & Manufacturing Co.,* 293 Pa. 152, 160, 141 A. 855, 858 (1928).

The majority stands this well-established rule of law on its head in the erroneous belief that the third prong of the *James Brothers* test was modified to some extent in *Shrum v. Philadelphia Electric Co.,* 440 Pa. 383, 269 A.2d 502 (1970) by finding that a lapse of time is presumptively prejudicial and that actual prejudice need not be shown. In *Shrum* we stated: "Such a lapse of time [in bringing a post-trial motion on for argument] is presumptively prejudicial to all parties even without any specific showing of prejudice on the record.... In these circumstances, and in the discretion of the lower court, a judgment of non pros *might* well have been entered." *Id.,* 440 Pa. at 386–387, 269 A.2d at 504 (emphasis added). However, the latter statement is merely dictum, because we concluded by stating: "No such motions [non pros] were filed, however, and the lower court did not decide the case on the ground of delay alone. We have therefore considered the appeal on its merits." *Id.* Reliance on *Shrum* is therefore misplaced.

The third prong of the *James Brothers* test provides that the delay has caused some prejudice to the adverse party such as the death of or unexplained absence of material witnesses. *James Brothers,* 432 Pa. at 132, 247 A.2d at 589. The facts of the case *sub judice* must be applied to this standard.

Insurance Company of North America's (INA) Petition for Rule to Show Cause why the case should not be dismissed for failure to prosecute in accordance with Pa.R.J.A. 1901 in relevant part asserts:

14. INA has suffered prejudice because of the long-standing dormancy of this case and will be substantially impaired from properly presenting its defense.

15. PPI's Complaint and Amended Complaint are apparently based upon either an alleged contract entered into in 1976 or alleged fraud of INA that occurred in 1976.

16. No discovery has occurred in this case to preserve witnesses' recollection of the material events in this litigation.

17. Because of the time that has passed between the alleged relevant acts and the present time witnesses have disbursed and their recollections have faded.

18. The prejudice that has occurred to INA in its ability to defend this case because of the passage of time is obvious.

19. PPI's inexcusable delay in this matter and the resulting prejudice suffered by INA justify dismissal of this case.

WHEREFORE, Insurance Company of North America respectfully requests that a Rule be entered upon Penn Piping, Inc. requiring it to show cause why Penn Piping, Inc.'s suit should not be dismissed for failure to prosecute.

(R. 38a.)

INA's petition fails to specifically identify the witnesses to which reference is made or the particular evidence that no longer exists. INA, even now, has not offered such information. Furthermore, INA could have conducted discovery to have preserved the testimony of those now unnamed witnesses. Instead, INA relies on bald claims of prejudice as the result of the delay. Because actual prejudice was not shown on the record, the Superior Court did not err by finding that INA made no showing that its case was prejudiced by Penn Piping, Inc.'s delay in prosecuting its case.

I would therefore affirm the order of the Superior Court which reversed the order of the Court of Common Pleas of Allegheny County that made absolute the rule to show

cause why this action should not be dismissed for inactivity and dismissed this action.

LARSEN and CAPPY, JJ., join in this dissenting opinion.