## Pollack Products Co. Inc. v. Wagner Engineering Co.

*Allen A. Pechter,* for plaintiff.
*Patrick J. O'Connor,* for defendant.

BIESTER, Jr., *J.,* January 12, 1995—On October 31, 1994 we entered an order denying the plaintiff's petition to restore the above-captioned matter to active status and the plaintiff has taken an appeal from our order, hence this memorandum opinion.

The history of the case is that on October 11, 1991 the plaintiff, Pollack Products Co. Inc. filed a complaint against defendant, The Wagner Engineering Co. There was an effort to serve the complaint upon the defendant's then record attorney in a different action, Patrick J. O'Connor, Esquire. However, that inadequate service was cured when the defendant was duly served by certified mail in the State of Missouri on October 22, 1991. Although the docket entries do not reflect that service and no affidavit of service was filed, the defendant concedes there was such valid service. The defendant then filed preliminary objections on a variety of issues on November 26, 1991 and the plaintiff duly filed answers to preliminary objections on February 27, 1992. There was no further action in this case until March 31, 1994 when a termination notice was forwarded by the Bucks County Court Administrator as a result of lack of docket activity. The case was duly marked terminated by the Prothonotary of Bucks County on May 24, 1994. Sixty days later on July 25, 1994 the plaintiff filed a petition to restore the case to active status and a rule to show cause was entered upon the defendant on August 19, 1994. The defendant filed an answer to plaintiff's petition on September 12, 1994 and no depositions or subsequent affidavits have been filed.

The plaintiff filed a memorandum of law in support of its petition to restore the case to active status and has set forth in that memorandum various explanations and reasons for the plaintiff's failure to act on the record. We regrettably are unable to find that those explanations are persuasive. The plaintiff asserts that while a memorandum of law was dictated for submission to the court regarding the preliminary objections the plaintiff's counsel has no record of the memorandum nor any record that any such memorandum was filed with the court or served upon opposing counsel. Reference is made about some unexplained difficulty with counsel's com-

puter. Counsel then sets forth the proposition that he did not review further the status of the matter with respect to the filing of that memorandum because he believed that the court simply was taking a slow time in reaching a decision. Therefore he did nothing for over two years in terms of any action on this case. Termination notice was duly filed. The records of the Prothonotary's Office of Bucks County indicate that a termination notice with respect to the within matter was issued and forwarded to plaintiff's counsel. Once again plaintiff's counsel advises that he has no record of receipt of that document.

These protestations are not persuasive and it seems clear that there simply was no action whatsoever on the part of plaintiff's counsel during a period of time stretching beyond two years. Our Supreme Court has held that in cases involving a delay for a period of two years or more, that that delay will be presumed prejudicial for the purposes of any proceeding to dismiss for lack of activity on the docket, *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). We find that the petition to reactivate fails to explain persuasively the inactivity which has obviously occurred in this case and we find lack of due diligence with respect to the conduct of the plaintiff and we do not find a reasonable explanation for the delay.

Under all the circumstances we therefore entered an order on October 31, 1994 denying plaintiff's petition to restore the case to active status.

We would further note that the plaintiff's assertion or explanation is woefully vague in the original petition and is not sufficiently qualified in the memorandum of law. The memorandum of law is not an affidavit and does not reference a deposition under oath.