**Ringgold v. Kelly**

C.P. of Chester County, no. 89-10871.

*Robert P. Brendza,* for plaintiffs.
*Stephen G. Heckman,* for defendant.

SHENKIN, *J.,* March 9, 1995—Defendant has filed a motion to dismiss this case for lack of docket activity. Plaintiffs have replied to the motion and assert that there was a compelling reason for the delay in prosecuting the matter and that they have rebutted the presumption of prejudice and have proven that defendant has not been prejudiced by the delay.

The law with regard to defendant's motion has been well settled for many years:

"A court may properly enter a judgment of non pros, when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party . . . ." *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 352-53, 603 A.2d 1006, 1007 (1992) citing *James Brothers Co. v. Union Banking and Trust Co.,* 432 Pa. 129, 132, 247 A.2d 587, 589 (1968).

However, since *Penn Piping, supra* held "that in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket," *Id.* at 356, 603 A.2d at 1009, the effectiveness of the motion to dismiss has increased dramatically. Inasmuch as it is almost impossible in most cases to prove prejudice or disprove the lack thereof, the disposition of these motions will most often turn on which party has the burden of proof with respect to the issue of prejudice.

Thus, as recently restated by the Commonwealth Court:

"Our Supreme Court has also held that a delay of two years or more in prosecuting a case will be presumed prejudicial to the defendant. *Penn Piping Inc. v. In-*

*surance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). Thus, if there is a lack of due diligence in failing to proceed with reasonable promptitude, if there is no compelling reason for the delay, and if the delay is for two years or more, the case may be dismissed for lack of activity on the docket. *Id.* It is the duty of a plaintiff to prosecute his or her case without delay. *Id.* " *Azzarrelli v. City of Scranton,* 655 A.2d 648, 652 (Pa. Commw. 1995).

In this case, the plaintiffs concede that there was a failure to proceed with reasonable promptitude. Indeed, they could hardly fail to concede that point. The case was initiated by writ of summons on December 29, 1989. The complaint was filed promptly thereafter in January 1990. The case proceeded slowly—but at least it did proceed—through that year until December 23, 1990, when the plaintiffs filed their reply to new matter and answer to counterclaim. There was no further activity on the docket until August 1993. Sometime in the fall of 1993, plaintiffs retained new counsel. For the purposes of our decision on the pending motion, we will assume that as of the fall of 1993, new counsel was prepared to complete preparation for trial and actually try the case promptly thereafter. Thus, we focus on the period of time from December 1990, until August 1993, a period in excess of two and a half years.

Conceding, as they must, the lack of due diligence in failing to proceed with reasonable promptitude, plaintiffs nevertheless assert that there was compelling reason for the delay and that they have rebutted the presumption of prejudice to the defendant by proving that in fact the defendant has not been prejudiced.

Plaintiffs assert that "[t]he compelling reason for the delay in proceeding with this case was plaintiffs' inability to afford the cost of litigation." Plaintiffs' supplemental memorandum of law in opposition to de-

fendant's motion at page 7. Plaintiffs also assert that there were various bankruptcy proceedings which also constitute a compelling reason for the delay.

Plaintiffs' first position is that they simply did not have the funds to proceed with the litigation. Plaintiffs imply—but do not state outright—that this situation was somehow the fault of the defendant who, they assert, misled them into believing that he had insurance which would pay any damages to which plaintiffs would be entitled. On that basis, they claim, they were able to retain counsel who would pursue the matter for them on a contingent fee basis. When it thereafter appeared that there was no insurance coverage, apparently their counsel declined to proceed further on a contingent fee basis but was willing to pursue the matter on a fee for service basis. Plaintiffs were unwilling or unable or both to proceed on that basis. The relevance of defendant's alleged statement concerning insurance coverage escapes us. If plaintiffs are arguing that they could have escaped from the problem of the presumption of prejudice arising from the delay of more than two years if they had not filed suit when they did, we note that their remedy would have been to voluntarily discontinue the action and to then refile it at a later time. If the latter course of action were barred by an applicable statute of limitations, then their argument is moot in any event. In other words, if they would have waited until a later time to file suit but for the alleged deception by defendant with respect to his insurance coverage so that they would not have become subject to the requirement that they proceed with reasonable promptitude, then they could have, as noted above, simply withdrawn this suit when they became aware of the actual situation and refiled it at a later time, subject, of course, to any applicable statute of limitations. If they were forced to file when they did in order to toll a statute of limitations, then the question of insurance

coverage would seem to be totally irrelevant. They became and remained subject to the requirement of proceeding with due diligence either because they chose not to withdraw this suit or because they could not do so without their claim becoming time barred. In either event, the alleged fact that they were able to retain counsel and file suit when they did because of the alleged misrepresentation of defendant seems to us to have no bearing on any issue raised by this motion. Therefore, on this first issue, we are squarely faced with plaintiffs' claim that their financial inability to afford the cost of litigation is a compelling reason for delay in proceeding. Plaintiffs cite no authority in support of that proposition and our own research has disclosed none. We believe that such a rule would be unfortunate, at best, as it would allow any number of cases to linger unpursued on the court's docket without any reasonable possibility that such cases would ever be pursued to a conclusion. Therefore, we rule that failing to exercise due diligence in moving a case forward because of financial inability to afford the cost of litigation does *not* constitute a compelling reason for delay.

Plaintiffs also recite facts with regard to various bankruptcy proceedings. As noted in *Penn Piping, supra,*

"Examples of situations in which there will be a per se determination that there is a compelling reason for the delay, thus, defeating dismissal, are cases where the delaying party establishes that the delay was caused by bankruptcy, liquidation, or other operation of law, or in cases awaiting significant developments in the law. There may, of course, be other compelling reasons which will be determined on a case-by-case basis." *Penn Piping Inc. v. Insurance Company of North America, supra* at 356 n.2, 603 A.2d at 1009 n.2.

In this case, we are satisfied that the plaintiffs have not established that the bankruptcy proceedings caused

the delay. Plaintiffs state, somewhat disingenuously, at page 7 of their supplemental memorandum of law in opposition to this motion, that a corporate plaintiff "Ringgold Development Co. (sic) *and* Timothy and Gina Ringgold, individually, were in bankruptcy from approximately May of 1990, until October of 1993." (emphasis added) In fact, according to plaintiffs' own recitation of the facts of the case, the individuals did not file for personal bankruptcy until June 1993, and were discharged from the bankruptcy in October 1993. Thus the filing for bankruptcy by the individual plaintiffs did not occur until the delay had already exceeded a period of two years, five months. A bankruptcy occurring *after* the failure to proceed with due diligence has already occurred cannot be any reason at all, much less a compelling reason, for that delay. The corporate plaintiff is alleged to have filed for bankruptcy in May 1990, and to have been discharged from this bankruptcy in May 1993. It was during the initial period of time during which *that* bankruptcy was pending that most of the activity which did occur in this case actually took place. By way of example, it was in December 1990, that the plaintiffs filed their reply to new matter and answer to counterclaim. Thus, plaintiffs were able to take some action in this case while the corporate plaintiff's bankruptcy proceedings were pending. They have not explained in any way how they would be able to take this one action but no other. Thus, the delaying party in this case, the plaintiffs, have not established that the delay was *caused* by bankruptcy. Since it appears that they were able to take some action in the case while the bankruptcy proceedings were pending and they have not introduced any evidence at all to indicate why they could take that action but no other, we can only conclude that they could have taken any other

action which they wished and, therefore, the bankruptcy was not the cause of any delay.

In our view, the intent of the footnote quoted above from the *Penn Piping* case is intended to mean that in any case in which a party is barred by law from proceeding, that fact will be the per se determination of the existence of a compelling reason. For example, if a defendant is in bankruptcy and the bankruptcy proceedings stay other litigation, then the failure of any other party to proceed is readily understandable and, indeed, mandated. There may well be other situations in which a bankruptcy or liquidation or some other proceeding does not necessarily absolutely bar litigation from proceeding but does in fact cause a delay therein and, in those cases, the delaying party is free to establish such cause so as to defeat a motion for dismissal. The evidence in this case is to the contrary, however. At a minimum, the plaintiffs have failed to show that the bankruptcy proceedings referred to in their brief caused the delay here in question. If anything, the evidence tends to prove that the bankruptcy proceedings did not in fact cause such delay. However, we need not reach the latter conclusion, only the former.

Plaintiffs further contend that even if there was a lack of due diligence in failing to proceed with reasonable promptitude with no compelling reason for the delay, they have proven that the delay has not prejudiced the defendant so that under the standard enunciated in *James Brothers Co. v. Union Banking and Trust, supra,* set forth above, where the delay has not caused any prejudice to the adverse party, the motion for dismissal should be denied. However, because in this case the delay is for a period in excess of two years, the delay is presumed prejudicial. We believe that the presumption is rebuttable, not conclusive, but in this case

the plaintiffs have failed to adequately rebut the presumption. In fact, we believe that it will be virtually impossible to rebut the presumption of prejudice in any case in which the evidence depends in any significant measure upon oral testimony, especially the oral testimony of non-party witnesses. If a case is simply based upon documents and all of the relevant documents continue to exist, then in such case we can conceive of the possibility that the lack of prejudice could in fact be demonstrated. However, where the evidence will be dependent upon the recollections and memory of witnesses, especially non-party witnesses, we see no way in which it could ever be established that their memories after the period of delay would not be more suspect than would otherwise have been the case. Again, if all of the relevant witnesses were promptly deposed or their relevant statements otherwise reduced to writing, then perhaps the delay would be less significant to the point where it would not be prejudicial at all. Obviously, for reasons beyond the control of any party, many cases are brought to trial many years more than two after events about which a witness must testify, but there is no doubt that such delay causes such testimony to be subject to challenge. In this case, defendant has asserted that a potential witness has moved out of the jurisdiction and that her current whereabouts are unknown. The witness in question was an employee of the plaintiffs. Plaintiffs apparently do not dispute that the current whereabouts of the potential witness are in fact unknown but simply assert that there are various reasons why her testimony would not be significant. That fact cannot, however, be known without her testimony. Defendant contends that the memories of other witnesses may have faded and that significant facts may have been forgotten. Plaintiffs argue that de-

fendant admitted that he could not state as a fact that either of these things had occurred but only that he presumed that such a thing may have happened. It is not the burden of the defendant to prove these things and defendant is entitled to presume that such things may have occurred. If the plaintiffs are to rebut the presumption of prejudice, they must prove that such things did not occur and they have not done so in this case.

In summary, there is no question but that there was a lack of due diligence on the part of the plaintiffs in moving this case forward promptly. The plaintiffs offer a variety of excuses which they claim are compelling reasons for the delay, but which, in our view, are legally insufficient. The plaintiffs also claim that they have rebutted the presumption of prejudice and have proven that the delay has not prejudiced the defendants in any way in their defense of this claim. But we find that plaintiffs' proof in this regard falls short of the mark. Plaintiffs have proven that prejudice is perhaps unlikely, but certainly not impossible, and, more importantly, that the lack of prejudice is speculative because a witness alleged by defendant to be necessary or, at least, important to his case, cannot, in fact, be located.

For these reasons, we hereby issue the following

ORDER

And now, March 9, 1995, upon consideration of defendant's motion to dismiss with prejudice for lack of docket activity, plaintiffs' reply thereto and the briefs and arguments of counsel, it is hereby ordered that defendant's motion is granted and plaintiffs' complaint is hereby dismissed.