## Hunter Group Inc. v. Roach Brothers Inc.

C.P. of Chester County, no. 92-07058.

*Alan S. Gold,* for plaintiff.
*Lewis A. Grafman,* for defendant.

WOOD, *J.,* September 3, 1996—Hunter Group Inc. signed an exclusive marketing agreement with Roach Brothers Inc. for the sale of two building lots Hunter had purchased from Country Club Developers. The agreement was allegedly at the insistence of Country Club as a condition of the sales. Roach was also representing Country Club for the sale of the remaining lots of the "Freedom View Estates" subdivision. Hunter accuses Roach of not marketing their lots in good faith. Hunter claims that they later discovered that Roach officers had a financial interest in the remaining lots in the subdivision, and suggests that Roach marketed those lots to the detriment of Hunter's lots.

Hunter filed a complaint against Roach on July 27, 1992 alleging breach of contract, fraud, and intentional interference with prospective contracts. Roach filed a motion to dismiss for lack of prosecution (non pros), or in the alternative a motion for partial summary judgment in regard to the fraud and intentional interference counts as outside the statute of limitations.

The motion to dismiss for non pros is governed by *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). The Pennsylvania Supreme Court held that "in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket." *Id.* at 356, 603 A.2d at 1009.

The motion to dismiss grows out of an earlier action, *The Hunter Group Inc. v. Country Club Developers Inc., Country Club Development Inc. and Roach Brothers Realtors,* civil action no. 89-07309 filed August

29, 1989. Roach alleges the present suit is merely a refiling of the earlier 1989 action, and that since no activity took place for almost three years in that suit, this suit ought now to be dismissed. Hunter asserts that the 1989 action, in which no complaint was ever filed, involved an unrelated issue which was resolved in *Country Club Developers Inc. v. The Hunter Group Inc.,* civil action no. 89-08498.

Civil action no. 89-07309 (the 1989 *Hunter v. Roach* case), in which no action has been taken since 1989, should perhaps be dismissed for lack of prosecution, but the present (1992 *Hunter v. Roach* case) cannot.

If the 1992 case was sufficiently identical to the 1989 case, it could be dismissed on a theory of res judicata. A judgment of res judicata, however, requires four identities: (1) identity of thing being sued for, (2) identity of cause of action, (3) identity of persons or parties to the action, and (4) identity of quality or capacity of the parties suing or being sued. See *Del Turco v. Peoples Home Savings Association,* 329 Pa. Super. 258, 478 A.2d 456 (1984). While Roach has shown that a case involving the same parties was filed in 1989 (identity no. 3), they have failed to establish the other three identities. Hunter, on the other hand, has shown that extensive litigation between the same parties on an unrelated matter did take place during the time period in question. The weight of evidence, such as it is, shows that the first identity, that of "thing being sued for," and the second identity, "cause of action" are not identical in the 1992 case to those of the 1989 case. Accordingly, the balance of evidence in the record shows that the 1992 case is not merely a refiling of the 1989

case, and the motion to dismiss the 1992 case must be denied.

Roach also suggests that they will be severely prejudiced by the delay in pursuing the 1992 case because their primary witness, Sydney Cusack, the listing agent for the property in question, has suffered a major stroke and will likely not be available for trial. While this is unfortunate, it is not fatal to Hunter's claim. It is merely a circumstance of the litigation to be dealt with by the ingenuity of counsel.

Roach may prevail on the motion for partial summary judgment, however. Summary judgment is called for when "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b).

Roach cites a two-year statute of limitations, 42 Pa.C.S. §5524(7), in regard to the counts of fraud and intentional interference with prospective contracts. The alleged fraud involves the marketing contract between Roach and Hunter effective September 29, 1988, and the charge of intentional interference would have to relate to a time not later than April 3, 1989, when the listing agreement was terminated. Both dates precede the filing of the 1992 complaint by more than two years.

Hunter relies on the "discovery rule," which states:

"[W]here the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible . . . The 'discovery rule' arises from the inability of the injured party, despite the exercise of reasonable diligence, to know of the injury or its cause." *Hayward*

*v. Medical Center,* 530 Pa. 320, 325, 608 A.2d 1040, 1043 (1992).

If Hunter is correct that the discovery rule applies, the two-year statute of limitations would not start to run until Hunter knew or should have known of the alleged fraud and intentional interference.

Hunter suggests that they did not become aware of Roach's financial interest in Country Club until the settlement of *Country Club Developers Inc. v. The Hunter Group Inc.,* civil action no. 89-08498 in 1991. Under the terms of the settlement of that case, Country Club was required to furnish Hunter with information concerning its relationship with Roach. It was only on learning of Roach's interest in Country Club that a conflict of interest became apparent to Hunter. That conflict of interest led to Hunter's claims of fraud and intentional interference.

It is well settled that "mere mistake, misunderstanding or lack of knowledge do not toll the . . . statute of limitations." *Walters v. Ditzler,* 424 Pa. 445, 449, 227 A.2d 833, 835 (1967). Hunter's assertion that they did not become aware of the cause of action until 1991 is not sufficient to delay the running of the statute. The question is whether, in the "exercise of reasonable diligence," Hunter "should have known (1) that [it] has been injured, and (2) that [its] injury [was] caused by another's conduct." *Brooks v. Sagovia,* 431 Pa. Super. 508, 513, 636 A.2d 1201, 1203 (1994). Hunter was surely aware that the lots it had listed with Roach had not sold by 1989.

Since the discovery rule does not apply in this case, there is no genuine issue as to any material fact, and Roach's motion for partial summary judgment on the counts of fraud and intentional interference must be granted.

## ORDER

And now, September 3, 1996, this motion to dismiss for lack of prosecution is denied, but the motion for partial summary judgment as to the counts of fraud and intentional interference with prospective contracts is granted.