**Davis v. Lexeen Inc.**

*Brad W. Williamson,* for plaintiffs.
*Jeffery A. Mills,* for defendants.

*EN BANC,* KLEINFELTER, HOOVER AND CLARK, *JJ.*

CLARK, *J.,* March 17, 1997—Defendants have presented a motion to dismiss and entry of judgment of non pros. An en banc panel of this court heard oral argument on the matter on February 6, 1997. After careful consideration, the motion is denied.

Since defendants' motion rests upon the procedural aspects of this matter, this discussion will focus primarily on the actions taken by the parties and the dates so taken. Plaintiff, Harry Davis, was injured in a slip and fall accident on December 29, 1989. As a result, the following docket activity was commenced. Plaintiffs filed a complaint on October 9, 1991. The complaint was followed by an answer and new matter filed on behalf of defendants, Gerald F. Walsh and Halifax Laun-

dromat, on December 6, 1991. Plaintiffs filed an answer to the new matter on December 20, 1991. Several years later, on June 10, 1994, plaintiffs filed supplemental responses to request for production of documents, along with expert witness interrogatories. The next docket activity did not occur until October 15, 1996, when defendants filed the instant motion to dismiss and entry of judgment of non pros. Plaintiffs filed their response to the motion on November 4, 1996.

In addition to the above activities, there are a host of events that occurred throughout the history of this case which do not appear on the docket. On or about January 1, 1996, defendants first advised plaintiffs that defendants' medical expert, who initially examined Mr. Davis, had passed away. Defendants requested that their new medical expert be given the opportunity to personally evaluate Mr. Davis' condition. Plaintiffs agreed and a second medical examination was conducted on March 11, 1996. Additionally, defendants sought to obtain a second deposition of Mr. Davis. Plaintiffs were agreeable to this request and a deposition was scheduled to be taken on May 22, 1996.

It appears that significant activity occurred between the parties during the months of May and June 1996. Specifically, on or about May 3, 1996, plaintiffs received a copy of defendants' subpoena for the records of Mr. Davis' treating physician. Defendants then contacted plaintiffs on May 21, 1996, to reschedule the deposition of Mr. Davis for June 5, 1996. Also, plaintiffs responded to defendants' interrogatories on May 29, 1996. On or about June 27, 1996, defendants provided plaintiffs with documents that defendants requested from the Clerk of Courts of Dauphin County.

During this time, plaintiffs proposed to have this matter resolved through alternative dispute resolution.

On July 31, 1996, defendants expressed their disinterest in plaintiffs' proposal.

As indicated previously, defendants next filed the instant motion on October 15, 1996. Approximately two weeks later, on October 28, 1996, plaintiffs were given copies of the records obtained by defendants' subpoena from Mr. Davis' treating physician. Finally, on October 31, 1996, plaintiffs filed a praecipe referencing this matter for arbitration.

The court may exercise its discretion and enter a judgment of non pros if the following circumstances are present: (1) a party has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused prejudice to the adverse party. *Penn Piping Inc. v. INA,* 529 Pa. 350, 603 A.2d 1006 (1992). In cases where the delay has been for two years or more, there is a presumption of prejudice for the purpose of dismissing the action for lack of activity on the docket. *Id.* at 356, 603 A.2d at 1009.

Based on the procedural history of this case previously outlined herein, this court finds that plaintiffs did exercise due diligence in proceeding with this action. Although the activity was not reflected on the docket, plaintiffs were responding to the requests of defendants in an effort to move the matter forward. A substantial amount of activity occurred during the period of time between March and June 1996. Plaintiffs responded to several of defendants' requests for information and even produced Mr. Davis for a second deposition and medical examination. Plaintiffs' proposal to move the case through ADR demonstrates their intent to have the matter resolved in a diligent fashion. Thus, we are hard-pressed to find that plaintiffs have not proceeded with reasonable promptitude. Since the first prong of

the test enunciated in *Penn Piping* has not been established, the motion to dismiss and entry of judgment is denied.

Nevertheless, we shall consider the remaining components of *Penn Piping* as further support for our position. It must next be shown that there is no compelling reason for the delay. The circumstances which constitute a "compelling reason" are not definite and shall be determined on a case-by-case basis. *Id.* at 356 n.2, 603 A.2d at 1009 n.2. In the present case, a significant delay was caused by the death of defendants' expert. Plaintiffs agreed to extend the life of this action by allowing defendants to conduct a repeat physical examination of Mr. Davis with defendants' newly hired expert. Plaintiffs also honored defendants' request for a second deposition of Mr. Davis. These events transpired beyond the control of plaintiffs. It would not be proper for plaintiffs to suffer a dismissal of their action because defendants' needs extended the proceedings in this case. Therefore, the second prong of *Penn Piping* has not been fulfilled.

Finally, in order to grant a judgment of non pros, the delay must have caused prejudice to defendants. Even though a two-year delay in the docket activity creates a presumption of prejudice, we cannot ignore the transactions which occurred during that time period, but were not recorded. If only docket activity was given importance, then plaintiffs would be penalized for honoring defendants' requests instead of challenging them with documents to provide a docket entry. We do not want to dissuade parties from resolving disputes without the aid of the courts. By recognizing only docket activity, we would be encouraging parties to file any and all documents that they could. As has been previously demonstrated, this practice would cause havoc in the offices

of the prothonotary throughout this Commonwealth. Additionally, in this case in particular, defendants cannot contribute to the delay and then attempt to avail themselves of the presumption of prejudice when, in fact, the non-docket activity that occurred during the delay benefited defendants.

Accordingly, the following is entered:

## ORDER

And now, March 17, 1997, after careful consideration of the arguments presented, defendants' motion to dismiss and entry of judgment is hereby denied.