## Groff v. Quinn

C.P. of Lancaster County, no. 1708-1988.

Elsworth L. Groff Jr., pro se plaintiff.
*George H. Eager,* for Vincent J. Quinn
*Stephen W. Cody,* for J. Richard Gray.

STENGEL, *J.,* June 16, 1997—Plaintiff Elsworth L. Groff Jr. is presently serving a life sentence in the Pennsylvania Correctional Institute at Huntingdon for his conviction of first-degree murder. Plaintiff has filed a legal malpractice, negligence, and breach of contract action seeking compensatory and punitive damages against attorneys Vincent J. Quinn and J. Richard Gray.

22

Defendants now ask for judgment of non pros on the basis of inactivity on the record in excess of two years.

## I. PROCEDURAL HISTORY

In April 1988, plaintiff Groff, a pro se prisoner, filed a motion for leave to proceed in forma pauperis simultaneously with a complaint. The Honorable Ronald L. Buckwalter initially denied plaintiff's request for in forma pauperis status in an order dated May 5, 1988, which was assigned the docket number indicated above. In this order, the court directed the prothonotary to return to plaintiff the complaint and "to accept the same for filing only if accompanied by the appropriate filing fee."[1] Upon reconsideration, Judge Buckwalter, on June 3, 1988, granted plaintiff in forma pauperis status as to all fees except the initial filing fee of $45.50 because plaintiff, at the time, had $50 in his prison account.[2]

---

1. Rule 240 of the Pennsylvania Rules of Civil Procedure states that if the in forma pauperis petition is filed simultaneously with the commencement of the action, the prothonotary shall docket the action and petition without the payment of any filing fee. Pa.R.C.P. 240(c)(1)(i). If the action is commenced without the simultaneous filing of a petition, the appropriate filing fee must be paid and will not be refunded if a petition is thereafter filed and granted. Pa.R.C.P. 240(2). In this case, a complaint was simultaneously filed with the in forma pauperis petition. The petition was docketed and ruled upon by the court. However, the complaint was not filed but rather returned to plaintiff by order of court.

2. On June 6, 1988, plaintiff filed a civil rights action in federal court against Judge Buckwalter because of his orders denying plaintiff full in forma pauperis status. This federal action was dismissed as "legally frivolous" by the Eastern District Court on July 18, 1988, and subsequently affirmed by the United States Court of Appeals for the Third Circuit in April 1989. Plaintiff's petition to the Third Circuit for rehearing was denied on April 24, 1989.

Plaintiff filed an appeal to the Superior Court of Pennsylvania.

On December 15, 1988, plaintiff refiled his petition for leave to proceed in forma pauperis which was attached to his complaint. On December 20, 1988, Judge Buckwalter denied this second petition. In the order, the court repeated the language set forth in the order of June 3, 1988, granting plaintiff in forma pauperis status after the initial filing fee of $45.50 is paid and, again, directed the prothonotary to return to plaintiff the complaint which had accompanied the petition and not to accept the complaint for filing until the filing fee had been paid.

On March 7, 1989, plaintiff filed a motion for recusal of Judge Buckwalter and attached a third petition for leave to proceed in forma pauperis. The Honorable D. Richard Eckman denied the motion for recusal and, for a third time, denied plaintiff permission to proceed in forma pauperis on the basis that plaintiff had available funds to pay filing costs and fees.

On October 3, 1989, a panel of the Superior Court entered a memorandum and order affirming Judge Buckwalter's order of June 3, 1988 requiring defendant to pay the initial filing fee of $45.50.

On July 1, 1994, a notice of termination of inactive civil cases was served on plaintiff pursuant to Local Rule 350 due to docket inactivity for at least two years.[3] In response to a communication from plaintiff in July 1994, the prothonotary's office notified plaintiff that

---

3. A Rule 350 notice of termination should not have been sent to plaintiff as there was no proper commencement of an action. As the prothonotary acknowledged in a letter sent to plaintiff on July 24, 1994, no complaint had ever been filed. Therefore, there was no matter to be dismissed for failure to prosecute.

it did not have the original complaint filed in 1988 and that the filing fee was now $55.50.

Plaintiff thereafter commenced this action with the filing of a complaint and the appropriate fee on September 30, 1994. Defendants Gray and Quinn filed answers with new matter on November 10, 1994 and November 21, 1994, respectively. Replies to the new matter were filed by plaintiff on November 28, 1994 and December 7, 1994.

Defendants' motions for judgment of non pros were filed with the prothonotary on March 3, 1995. These motions were never assigned to a judge because a praecipe to assign, as required by the local rules, was never filed. A praecipe to list the motions for judgment of non pros on the pretrial proceedings list was filed on July 24, 1995, but no praecipe for assignment was filed by defendants until January 30, 1997. Defendants argued at that time that their motions for non pros should be deemed unopposed because of plaintiff's failure to file a brief in opposition under the Lancaster County Local Rules of Court.

Under Local Rule 31, plaintiff should have filed an opposing brief within 10 days after the filing of the praecipe to list. He did not. In order to decide these motions for judgment of non pros on their merits, the court gave the pro se plaintiff additional time to file a brief in opposition to the motions. Plaintiff's brief having been received by the court, this matter is now ripe for disposition.

## II. DEFENDANTS' MOTIONS FOR NON PROS

The question of the grant of a non pros is addressed at the discretion of the trial court which will not be reversed in the absence of an abuse of discretion. *Gallegher v. Jewish Hospital Association of Philadelphia,*

425 Pa. 112, 113, 228 A.2d 732, 733 (1967). Failure by a plaintiff to bring an action to trial in due time may be grounds for the grant of non pros upon motion by a defendant. *Id.* In the controlling case of *Penn Piping Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), the Supreme Court held:

"[W]e now hold that in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket. Thus, if there is a lack of due diligence in failing to proceed with reasonable promptitude; if there is no compelling reason for the delay; and if the delay is for two years or more, the case may be dismissed for lack of activity on the docket." *Id.* at 356 , 603 A.2d at 1009. (footnote omitted)

Prejudice is defined as the difficulty of defending because of lapse of time and the attendant diminution in the defendant's ability to present factual information in the event of trial because of the death or unavailability of material witnesses or the impairment of memory of witnesses called after many years or because of the loss or disappearance of documentary evidence. *Carroll v. Kimmel*, 362 Pa. Super. 432, 438-39, 524 A.2d 954, 957 (1987), *appeal denied,* 517 Pa. 613, 538 A.2d 496 (1988).

Defendants' motions for non pros have three bases: (1) there has been an absence of activity in this case from October 3, 1989, when the Superior Court affirmed the lower court order of June 3, 1988 regarding the motion for leave to proceed in forma pauperis, until September 30, 1994, when the complaint was filed; (2) plaintiff has advanced no "compelling reason" for failing to prosecute this matter until September of 1994; and (3) it was only after litigating a companion case

all the way to the United States Supreme Court and losing that plaintiff "elected to revive this lawsuit with the filing of a complaint." (See defendant Gray's brief in support of motion at 3-4; defendant Quinn's brief in support of motion at 3-4.)

Rule 1007 of the Pennsylvania Rules of Civil Procedure provides that an action may only be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint. In this case, plaintiff's action was not commenced until the filing of a complaint on September 30, 1994. Approximately five months later, defendants filed the motions for non pros presently before the court.

Defendants seem to be operating under two misconceptions. The first misconception is that the filing of plaintiff's motion for leave to proceed in forma pauperis in 1988 somehow initiated this lawsuit. In fact, as noted above, Rule 240 prohibits in forma pauperis petitions from being filed prior to the commencement of an action and yet that is exactly what happened in this case. There was a complaint accompanying plaintiff's motion which would have and should have initiated this action. The court, however, ordered that it be returned to plaintiff and not accepted for filing unless accompanied by the appropriate filing fee. Rather, the in forma pauperis petition was filed and a docket number assigned to it.

The second misconception is that plaintiff was under an obligation to file his complaint and pay the filing fee once his appeal of the in forma pauperis issue was exhausted by the state courts. Rule 240 does require a plaintiff, whose petition to proceed in forma pauperis has been denied, to pay the filing fee for commencing an action or risk having the action non prossed by the prothonotary not less than 10 days after notice of

the denial of the petition. Pa.R.C.P. 240(c)(1)(ii). This assumes, of course, that a complaint or writ of summons was attached to the in forma pauperis petition and accepted by the prothonotary for filing purposes. Such was not the case here. The original complaint was ordered returned to plaintiff, as were subsequent complaints received by the prothonotary.

The procedural history of this case precludes the granting of defendants' motions for non pros.[4]

Accordingly, we enter the following:

## ORDER

And now, June 16, 1997, upon consideration of the motions for non pros filed by defendants Vincent J. Quinn and J. Richard Gray and the briefs filed by the parties, it is hereby ordered that said motions are denied.

---

4. This ruling on the non pros motions does not preclude defendants from moving for dismissal of plaintiff's claims based on the statute of limitations which was raised in defendants' answers.