### AMERICAN ASPHALT PAVING COMPANY, INC.

v.

### ZONING HEARING BOARD OF JACKSON TOWNSHIP and Jackson Township Board of Supervisors, Appellants.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1997.

Decided Feb. 10, 1998.

---

Blythe H. Evans, Wilkes–Barre, for appellants.

Frederick W. Alcaro, Kingston, for appellee.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

Before this Court is an appeal by the Jackson Township Board of Supervisors (Township) and the Zoning Hearing Board of Jackson Township (ZHB) (collectively, Appellants) of an order of the Court of Common Pleas of Luzerne County, which denied the ZHB's motion for a Judgement of Non Pros against American Asphalt Paving Company (American). We affirm.

American established a mining operation within Jackson Township in the early 1950s, but it was not until 1966, when the Township enacted its first zoning ordinance, that an M–1 mining district was created. American conducted its mining operation on approximately seventy acres of land, all of which were classified as M–1 by the zoning ordinance in 1966. In 1976 and 1977, American acquired approximately ninety-five additional acres which were also located within the M–1 district. However, in 1979 the Township enacted a new zoning ordinance which reduced the size of the M–1 mining district and changed the M–1 classification of a large portion of the land which American had acquired in 1976 and 1977.

Following the enactment of the new ordinance American filed both a suit in the Common Pleas Court and a zoning appeal with the ZHB, challenging the validity of the ordinance which had reclassified a substantial part of its property. By agreement, the litigation in court was held in abeyance pending a decision by the ZHB.

After conducting numerous hearings between April 1979 and November 1981, the ZHB denied American's challenge in an opinion circulated on April 12, 1982. On May 2, 1982, American appealed the ZHB's decision to the Common Pleas Court. In an order dated September 20, 1982, the court referred the matter to attorney William McCall, serving as a referee pursuant to Section 1010 of the Pennsylvania Municipalities Planning Code [1] (Code), since replaced by Section 1005–A of the Code, to receive additional evidence. The referee conducted extensive hearings between 1982 and 1985, but at the conclusion of the hearing in February of 1985, counsel for both parties agreed to suspend hearings in an attempt to

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 11010, repealed by the Act of December 21, 1988, P.L. 1329. A similar provision is now found at Section 1005–A of the Code, 53 P.S. § 11005–A. Section 1005–A was added to the Code by Section 101 of the Act of December 21, 1988, P.L. 1329.

reach a settlement. In August 1986, American submitted a written settlement proposal to the Appellants' attorney, but despite numerous requests, American received no response from Appellants. Since that time, however, American has conducted its mining activities in accord with the terms and conditions of the settlement proposal.

Almost ten years later, in April 1996, representatives from American and Appellants met with a local engineering firm to discuss the issues involved in the underlying litigation, and the parties agreed to allow the engineering firm an opportunity to devise a workable solution to end the controversy. Between April 1996 and November 1996, there was no communication from the engineering firm to either American or to the Appellants. On November 4, 1996, the Township filed, in the Common Pleas Court, a new and separate equity action and a request for a preliminary injunction to compel American to comply with the zoning ordinance. On November 18, 1996, in the consolidated appeals already before the Court of Common Pleas, the ZHB filed a motion for judgment of non pros, claiming that American had failed to prosecute the suit it filed in 1979. The trial court, in an order dated February 24, 1997, denied the ZHB's petition, and referred the case to the referee appointed pursuant to its previous 1982 order. The Appellants then filed a petition for permission to appeal an interlocutory order with the Superior Court, which transferred the petition to this Court on April 18, 1997. This Court granted the Appellants' petition for permission to appeal an interlocutory order on June 16, 1997.

In their appeal to this Court, Appellants contend that the trial court erred in not granting their motion for judgment of non pros because American had no substantial docket activity in the case which American filed in 1979.

■ A trial court may exercise its discretion and enter a judgement of non pros where: (1) a party has shown a lack of due diligence by failing to proceed with reasonable promptness; (2) there is no compelling reason for the delay; and (3) the delay has caused prejudice to the adverse party. *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992).

■ The Appellants rely heavily on *Penn Piping* to support their argument that the trial court erred in not granting their motion. We believe that such reliance is unjustified. In this case, the parties had been engaged in a series of protracted hearings, negotiations and consultations between and among the court appointed referee, each other and an engineering firm in an attempt to resolve this dispute. The trial court noted that Appellants have "not addressed several factual issues either by way of [their] Answer, Brief or by presenting other evidence through either written correspondence, affidavits, or actual testimony to explain what happened during the time between 1986 and the time that they filed their Rule as to why a Judgment of Non Pros should be entered against [American]." (Opinion of the Trial Court at 3.) The trial court also took notice that the parties never sought enforcement of the Court's 1982 order, still in effect, that referred the matter to a referee. The trial court found that American's "counsel has offered more than reasonable explanations as to why that matter was not concluded in accordance with [the 1982] Order and [Appellants'] counsel has chosen to ignore the fact that they never sought to enforce the [1982] Order." (Opinion of the Trial Court at 4.)

Based upon our review of the record and the Supreme Court's decision in *Penn Piping*,[2] we believe American has shown due diligence and proceeded with reasonable promptness throughout these proceedings. Additionally, we agree with the trial court's

2. The Supreme Court, in allowing a dismissal after two years of docket inactivity stated, in footnote 2:

Examples of situations in which there will be a per se determination that there is a compelling reason for the delay, thus, defeating dismissal, are cases where the delaying party establishes that the delay was caused by bankruptcy, liquidation, or other operation of law, or in cases awaiting significant developments in the law. There may, of course, be other compelling reasons which will be determined on a case-by-case basis.
*Penn Piping*, 529 Pa. at 356, 603 A.2d at 1009 n. 2.

finding that American has offered "more than reasonable explanations" as to why there has been a delay in the progress of its case. Finally, we note that Appellants can hardly claim they were prejudiced by the delay when they made no attempt to enforce the 1982 order or take any action on the settlement proposal offered by American in 1986, which is still outstanding. Accordingly, we conclude that the trial court did not abuse its discretion when it denied Appellants' motion for a Judgment of Non Pros.

Order affirmed.

### ORDER

**NOW,** February 10, 1998, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby affirmed.

PELLEGRINI, Judge, concurring.

While I agree with the majority that a judgment non pros should not have been granted, I disagree that the *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992) analysis is applicable to appeals from decisions of zoning hearing boards. Once an appeal is taken to the trial court, no action has to be taken by anyone for it to go to hearing because there is nothing any party has to do—no other pleadings, no discovery, no praecipe for issues have to be filed. Plaintiff–Appellant cannot be responsible for any delay because at that point, the only thing that has to be done is for the trial court to schedule it for hearing. *But see Blair v. Zoning Hearing Board of Pike Township*, 676 A.2d 760 (Pa.Cmwlth.1996), *appeal granted*, 548 Pa. 683, 699 A.2d 736 (1997).