**Mullins v. Montgomery Hospital**

C.P. of Montgomery County, no. 91-11129.

*Turrey Kepler,* for plaintiffs.
*John Warner,* for defendants.

SUBERS, *J.,* July 1, 1998—This is an appeal from this court's order entered on March 31, 1998 granting the defendants' motion for judgment of non pros.

## PROCEDURAL HISTORY

Christopher Mullins, David Godshalh, Patrick O'Connor, John Seader and Armand Trecroce, plaintiffs, instituted this negligence action by filing a writ of summons on June 7, 1991. Subsequently, plaintiffs filed a complaint alleging that Montgomery Hospital, Arthur C. Hayes M.D. and Javier Reluz M.D., defendants, were negligent by failing to notify plaintiffs' employer and the appropriate state agency that the plaintiffs' co-worker, Verna Campbell, was diagnosed at Montgomery Hospital on June 26, 1989 as having hepatitis. As a result, several of her co-workers, including the plaintiffs, contracted the infection. There was a lack of docket activity from May 1994 until May 1996 and as a result a notice to terminate for lack of docket activity for two years was sent to the plaintiffs, who then filed an active status certificate. On August 5, 1996, the defendants filed a motion for judgment of non pros. On April 3, 1997, following oral argument and review of the memorandum of law, this court entered an order granting the defendants' motion for judgment of non pros. On May 1, 1997, the plaintiffs filed a notice of appeal which was subsequently withdrawn when plaintiffs realized the proper method to challenge a judgment of non pros is by a petition to open. This court filed an opinion expressing its reasons for granting the judgment of non pros on June 26, 1997.

The plaintiffs filed a petition to open the judgment of non pros on June 20, 1997. A response was filed by the defendants on July 25, 1997. On March 31, 1998, this court entered an order denying the plaintiffs' petition to open the judgment of non pros. On April 9, 1998, plaintiffs filed a petition for reconsideration of the March 31, 1998 order because of a recent decision, *Jacobs v. Halloran,* no. 18 E.D. appeal docket, 1997 (Pa. April 2, 1998), which held that the two-year presumption of prejudice must be abandoned and the delay must cause actual prejudice. Defendants filed a response to plaintiffs' petition for reconsideration on May 4, 1998 asserting actual prejudice as a result of the plaintiffs' delay in prosecuting the case. A hearing was scheduled on plaintiffs' petition for reconsideration on May 13, 1998. On April 29, 1998, the plaintiffs filed a notice of appeal from this court's order denying the petition to open.[1]

## DISCUSSION

The plaintiffs raised 10 issues in their concise statement of matters complained of on appeal: (1) the trial court erred in granting the defendants' motion for judgment of non pros because there was substantive docket activity in this case consisting of plaintiffs' filing of an active status certification on June 12, 1996 coupled with forwarding of a trial praecipe to defendants' counsel on July 22, 1996; (2) the trial court erred in granting the defendants' motion for judgment of non pros because the defendants filed their motion for non pros after refusing to sign the trial praecipe; (3) the trial court

---

1. The appeal was filed prior to a decision on the petition for reconsideration. For the purpose of this appeal, the petition for reconsideration is deemed denied.

erred in granting the defendants' motion for judgment of non pros because defendants failed to prove actual prejudice; (4) the trial court erred in granting the defendants' motion for judgment of non pros because the deposition of Robin A. Ryan indicated that there was no actual prejudice suffered by any of the defendants as a result of the delay; (5) the trial court erred in granting the defendants' motion for judgment of non pros because defendants came to court with unclean hands in that the motion for judgment of non pros was only filed after defendants' counsel refused to sign a trial praecipe; (6) the trial court erred in granting the defendants' motion for judgment of non pros because plaintiffs indicated their willingness to proceed to trial by attempting to file a trial praecipe; (7) the trial court erred in granting the defendants' motion for judgment of non pros because defendants did not file their motion for judgment of non pros until after they were requested to sign a trial praecipe; (8) the trial court erred in granting defendants' motion for judgment of non pros in view of the decision in *Jacobs v. Halloran,* no. 18 E.D. appeal docket, 1997 (Pa. April 2, 1998); (9) the trial court erred in refusing to hear plaintiffs' petition for reconsideration in view of the decision in *Jacobs v. Halloran,* no. 18 E.D. appeal docket, 1997 (Pa. April 2, 1998); (10) the trial court erred in refusing to grant plaintiffs' petition for reconsideration and to fully develop a record pertaining to the issue of prejudice.[2] The first seven issues raised by the plaintiffs were discussed in this court's opinion dated June 25, 1997 and the analysis will not be repeated here. The only issue that still needs

_____

2. Plaintiffs' appeal was filed before the court had an opportunity to hear the petition for reconsideration or schedule a hearing; therefore, the court no longer had jurisdiction to hear plaintiffs' petition for reconsideration.

to be addressed is whether the decision in *Jacobs v. Halloran,* no. 18 E.D. appeal docket, 1997 (Pa. April 2, 1998) changes this court's decision to grant the judgment for non pros. The decision in *Jacobs* abandoned the presumption of prejudice first enunciated in *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992).

The decision in *Jacobs* does not alter this court's decision in that this court finds the defendants showed actual prejudice. In the defendants' petition for non pros, the defendants aver that the plaintiffs' failure to prosecute this case has caused them prejudice. Further, prejudice was established at the deposition of Robin A. Ryan, the director of quality management for Montgomery Hospital, taken on November 15, 1996. In his deposition, Mr. Ryan testified that the defendants suffered prejudice as a result of the plaintiffs' failure to prosecute this action with reasonable promptitude. Mr. Ryan testified as follows:

"Q. Okay. Can you tell me what prejudice the hospital has suffered as a result of a two-year delay?

"A. I think the biggest problem is, A, which people are still going to be around here to be able to speak to the issues and, B, what memory they can possibly have seven years later about such a relatively, uhm, small issue. It's not like a bomb blew up in somebody's room that everybody would remember. They would be my two biggest concerns." (Deposition of Robin Ryan—p. 14.)

In addition, Mr. Ryan testified that some of the people who performed the lab studies on Verna Campbell are no longer at the hospital. (Deposition of Robin Ryan—pp. 20-21.) The testimony of Mr. Ryan demonstrates actual prejudice to the defendants in that witnesses who were involved in the medical care of plaintiffs' co-

worker, Verna Campbell, are no longer working at the hospital. In addition, the alleged negligent care of Verna Campbell took place on June 26, 1989. It is now nine years later, which will greatly affect the ability of hospital personnel to recollect the treatment which was given to Ms. Campbell.

The court in *Jacobs* recognized that defendants may be prejudiced by undue delays in litigation in that memories fade, witnesses disappear and documents become lost or are destroyed. The court stated that it is unnecessary to presume prejudice because the defendant is free to present evidence of actual prejudice. The determination of whether the defendants suffered actual prejudice is to be made by the trial court and will not be disturbed absent an abuse of discretion. Prejudice has been defined as "any substantial diminution of a party's ability to properly present its case at trial." *Jacobs* at p. 10. Here, the court concluded that the defendant presented evidence of actual prejudice in the deposition of Mr. Ryan.

## CONCLUSION

For the foregoing reasons, this court's order entered on March 31, 1998 denying the plaintiffs' petition to open judgment was proper and should be affirmed.