**Lynda J. AZZARRELLI,**

v.

**CITY OF SCRANTON, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1994.
Decided March 2, 1995.

Paul E. Smith, for appellant.

James D. Hughes, for appellee.

Before DOYLE and KELLEY, JJ., SILVESTRI, Senior Judge.

KELLEY, Judge.

The City of Scranton (Scranton) appeals by permission an interlocutory order of the Court of Common Pleas of Lackawanna County (trial court) which denied Scranton's preliminary objections to Lynda J. Azzarelli's complaint and ordered Scranton to file an answer to the complaint within twenty days from the date of the order. We reverse.

On June 24, 1982, Azzarelli was driving a 1980 Chevy Coupe traveling west on Vine Street in Scranton, Pennsylvania. Vine Street is a public roadway owned and maintained by Scranton. At the same time as Azzarelli was traveling west on Vine Street, Deanna G. Counterman, driving a 1972 Ford Truck, was traveling north on Clay Avenue in Scranton. Azzarelli and Counterman collided at the intersection of Vine Street and Clay Avenue.

Prior to the time of the accident, the stop sign controlling the westbound traffic on Vine Street had fallen down. The fallen stop sign had been reported to city officials a few days prior to the accident, but the sign had not yet been repaired or replaced at the time the accident occurred. Since the stop sign was lying on the ground and not visible to Azzarelli, she did not stop at the intersection of Vine Street and Clay Avenue and consequently was struck by Counterman's vehicle. As a result of the collision, Azzarelli sustained back and neck injuries.

On June 13, 1984, Azzarelli filed a praecipe to issue writ of summons against Scranton. On June 19, 1984, a duly elected constable of the 17th ward of Scranton, John Gallagher, served upon Scranton a true and correct copy of the writ of summons by hand delivering the same to the Scranton solicitor's office and making known to Scranton the contents of the writ of summons. The affidavit of service was never returned to the Clerk of Judicial Records of Lackawanna County.

On or about August 28, 1986, notice was served on Azzarelli that her case was going to be dismissed because there had been no action taken on it for a period of two years. On September 11, 1986, Azzarelli filed an objection to dismissal of her case pursuant to Lackawanna County Local Rule of Civil Procedure 500.[1] Azzarelli objected to dismissal

---

1. Now Lackawanna County Local Rule of Civil Procedure 285. Rule 285 provides in pertinent · part as follows:

   The Clerk of Judicial Records shall list for general call in September of each year all civil matters in which no steps or proceedings have been taken for two years or more prior thereto and shall give notice thereof to counsel of record and to the parties for whom no appearance has been entered, as provided by Pa. R.J.A. 1901(c). If no action is taken or no written objection is docketed in such a matter prior to the commencement of the general call, the Clerk of Judicial Records shall strike the matter from the list and enter an order as of course dismissing the matter with prejudice for

for the reason that she had recently retained new counsel to represent her in her lawsuit against Scranton. Azzarelli averred that she intended to prosecute her case with deliberate speed. Azzarelli's objection to dismissal was granted.

Azzarelli did not file a complaint until October 18, 1990. On April 2, 1991, a sheriff's return of service of the complaint was filed evidencing service of the complaint upon Scranton on November 2, 1990.

On March 19, 1992, Scranton filed preliminary objections to Azzarelli's complaint averring that the complaint should be dismissed for Azzarelli's failure to comply with the Pennsylvania Rules of Civil Procedure relating to proper service of process. In addition, Scranton moved for dismissal of the complaint because Azzarelli had failed to refrain from a course of conduct which served to stall the legal machinery that she had set in motion by filing the praecipe to issue writ of summons. Azzarelli's complaint was not served on Scranton until nearly six and one-half years after the praecipe was filed and almost eight and one-half years after the automobile accident had occurred.

By order dated May 14, 1993, the trial court denied Scranton's preliminary objections. Scranton subsequently petitioned the trial court to amend its interlocutory order to include the certification required by section 702(b) of the Judicial Code [2] to allow Scranton to seek permission to appeal the interlocutory order to this court. The trial court so amended its order on June 4, 1993.

By order dated May 4, 1994, this court granted Scranton's petition for permission to appeal the trial court's order dated May 14, 1993. The present appeal followed.

In its appeal, Scranton raises the issue of whether the trial court erred in holding that Azzarelli had tolled the statute of limitations where she had filed a writ of summons prior to the expiration of the statute of limitations, had served the writ of summons in violation of Pa.R.C.P. No. 400(a), had failed to file any return of service in violation of Pa.R.C.P. No. 405, and had taken no further affirmative action to prosecute her case for nearly six and one-half years.

∎ Initially, we note that our scope of review of a decision by a trial court is limited to a determination of whether the trial court abused its discretion, committed an error of law or whether constitutional rights were violated. *Long v. Thomas,* 152 Pa.Commonwealth Ct. 416, 619 A.2d 394 (1992), *petition for allowance of appeal denied,* 535 Pa. 641, 631 A.2d 1012 (1993). Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. *Bower v. Bower,* 531 Pa. 54, 611 A.2d 181 (1992). The test is whether it is clear from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his or her right to relief. *Firing v. Kephart,* 466 Pa. 560, 563, 353 A.2d 833, 835 (1976).

∎ Scranton first argues that the trial court should have sustained Scranton's preliminary objections to the trial court's personal jurisdiction over Scranton because of Azzarelli's improper service of the Writ of Summons. We agree.

Rule 400(a) states that "[e]xcept as provided in subdivisions (b) and (c), original process shall be served within the Commonwealth only by the sheriff." [3] Pa.R.C.P. No. 400(a). The Pennsylvania Supreme Court has held that "[t]he rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." *Sharp v. Valley Forge Medical Cen-*

---

failure to prosecute under the provisions of this rule.

**2.** Section 702(b) of the Judicial Code provides that where a trial court or a government unit believes that its interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in its order. 42 Pa.C.S. § 702(b). The inclusion of such language allows a party to seek permission to appeal an otherwise unappealable interlocutory order. Pa.R.A.P. 1311.

**3.** Since Azzarelli's lawsuit is one which sounds in negligence, subdivisions (b) and (c) are not applicable in this case.

*ter and Heart Hospital, Inc.*, 422 Pa. 124, 127, 221 A.2d 185, 187 (1966). In interpreting Pa.R.C.P. No. 1009(a),[4] Pennsylvania courts have held that this rule requires service by the sheriff, and attempted service by anyone else, even a duly elected constable, does not constitute effective service. *See Vogel v. Kutz,* 348 Pa.Superior Ct. 133, 501 A.2d 683 (1985).

Once service of process has been made, Pa.R.C.P. No. 405 sets forth the requirements for return of service. Rule 405 states in pertinent part:

(a) When service of original process has been made the … person making service shall make a return of service forthwith.

(b) A return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made.

. . . .

(d) A return of service by a person other than the sheriff shall be by affidavit.

(e) The return of service … shall be filed with the prothonotary.

The Pennsylvania Supreme Court has stated that "[t]here is no presumption as to the validity of the service and the return itself is required to set forth service in conformance with the rules." *Sharp,* 422 Pa. at 127, 221 A.2d at 187.

In the present case, Azzarelli served her writ of summons upon Scranton by local constable, rather than by sheriff as required by Pa.R.C.P. No. 400(a). Moreover, Azzarelli never filed a return of service as required by Pa.R.C.P. No. 405. Since Azzarelli's service was defective, the trial court was without jurisdiction over Scranton.

█ The trial court chose to ignore Azzarelli's defective service of the writ of summons by relying upon Pa.R.C.P. No. 126 and by concluding that Scranton's substantial rights had not been affected by the defective service. We cannot agree with this conclusion.

Rule 126 generally provides for a liberal construction and application of the Pennsylvania Rules of Civil Procedure. It states in pertinent part:

The rules [of civil procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court … may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Since Azzarelli never filed a return of service of her writ of summons, there is no proof that Scranton received notice of Azzarelli's lawsuit. Lack of proper notice of a pending lawsuit would substantially affect Scranton's right to defend itself. Moreover, the purpose of Rule 126 is to secure the just, speedy and inexpensive determination of every action or proceeding. Pa.R.C.P. No. 126. Azzarelli's inaction for over six years in prosecuting her lawsuit completely contradicts the intent of Rule 126, and Azzarelli should not be able to benefit by it.

The trial court also relied on *Leidich v. Franklin,* 394 Pa.Superior Ct. 302, 575 A.2d 914, *petition for allowance of appeal denied,* 526 Pa. 636, 584 A.2d 319 (1990), to support its decision to ignore Azzarelli's non-compliance with the Pennsylvania Rules of Civil Procedure. In *Leidich,* the plaintiff served a copy of a writ of summons upon the defendant's insurance carrier by first class mail in violation of Pa.R.C.P. No. 400. This service was done in agreement with the insurance agent for the defendant, defendant's insurance company and plaintiff's counsel. *Leidich,* 394 Pa.Superior Ct. at 304, n. 2, 575 A.2d at 915, n. 2.

The court in *Leidich* held that under the particular facts presented in that case, a "good faith" effort to notify the defendants was established in tandem with the absence of a "course of conduct" attributable to the plaintiff evidencing a stalling of the machinery of justice. *Id.* at 314, 575 A.2d at 920. At the same time, the court stated that "we caution that … we in no way wish to signal to the bench and bar our approval of a

4. Rescinded effective January 1, 1986 and reco-  dified at Pa.R.C.P. No. 400(a).

circumvention of the Pennsylvania Rules of Civil Procedure and local practice." *Id.* at 313–14, 575 A.2d at 920. Therefore, the trial court's reliance on *Leidich* was misplaced.

 Scranton next argues that the trial court should have sustained its preliminary objections because of Azzarelli's lack of good faith diligence in prosecuting her case. We agree.

Our Supreme Court has set forth guidelines regarding when a writ of summons would remain effective to commence an action against a defendant. *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). The *Lamp* court stated that in addition to properly filing the writ of summons within the applicable statute of limitations, the plaintiff must also refrain from a course of conduct which would serve to stall in its tracks the legal machinery which the plaintiff had set in motion. *Id.* at 478, 366 A.2d at 889. The court further stated that it would impose an affirmative duty on a plaintiff to utilize "good faith" efforts to notify a defendant of a lawsuit. *Id.*

■ Our Supreme Court has also held that a delay of two years or more in prosecuting a case will be presumed prejudicial to the defendant. *Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). Thus, if there is a lack of due diligence in failing to proceed with reasonable promptitude, if there is no compelling reason for the delay, and if the delay is for two years or more, the case may be dismissed for lack of activity on the docket. *Id.* It is the duty of a plaintiff to prosecute his or her case without delay. *Id.*

It is clear from the record in this case that Azzarelli took no steps to prosecute her case with due diligence after improperly serving Scranton with the writ of summons. By the time that Azzarelli filed her complaint on October 18, 1990, nearly six and one-half years had passed since the filing of her praecipe to issue writ of summons and nearly eight and one-half years had passed since the automobile accident giving rise to her lawsuit. Azzarelli's failure to prosecute her case from June 13, 1984 until October 18, 1990 has prejudiced Scranton as a matter of law.

Accordingly, the decision of the trial court is reversed.

### ORDER

NOW, this 2nd day of March, 1995, the order of the Court of Common Pleas of Lackawanna County, dated May 14, 1993, at No. 84–CIV–2886, is reversed.