# Colucci v. McConnell

*Gerard W. Langan Jr.,* for plaintiffs.
*Carl J. Guagliardo,* for defendant.

MILLER, *J.,* January 26, 1996—On August 4, 1991, plaintiffs and defendant were involved in an automobile accident on State Route 423 in Tobyhanna Township, Monroe County, Pennsylvania.

A summons was filed on August 4, 1993, and plaintiffs requested the Sheriff of Monroe County to serve the writ of summons by certified mail. The sheriff duly followed this directive and filed a return of service on August 18, 1993 indicating that service was made by certified mail on the defendant and a receipt was returned to him on August 30, 1993.

Plaintiffs then filed a complaint on August 4, 1994. The docket in this matter shows no service or return of service of the complaint.

The next docket entry is dated September 21, 1995 and is an entry of appearance by counsel for defendant. On November 15, 1995, defendant filed preliminary objections to service of the original process and requested us to strike the process and dismiss this case.

This matter was scheduled for oral argument on January 2, 1996, and counsel for both parties have advised the court that we may consider the matter upon submission of briefs only.

Pa.R.C.P. 400 provides as follows:

"(a) Except as provided in subsections (b) and (c) and in Rule 400.1, original process shall be served within the Commonwealth only by the sheriff. . . .

"(d) If service is to be made by the sheriff in a county other than the county in which the action was commenced, the sheriff of the county where service may be made *shall* be deputized for that purpose by the sheriff of the county where the action was commenced."

In this case, plaintiffs did not comply with Rule 400 in that they directed the Sheriff of Monroe County to serve the writ of summons (original process) by certified mail. Nor does it appear from either the docket or the file that the complaint was served upon the defendant.

The Pennsylvania Supreme Court has held that "[t]he rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." *Sharp v. Valley Forge Medical Center and Heart Hospital Inc.,* 422 Pa. 124, 127, 221 A.2d 185, 187 (1966). Pa.R.C.P. 400 requires the Sheriff of the Commonwealth to make original process. Plaintiff argues that the Sheriff of Monroe County did make original process because it was the sheriff who sent the summons by certified mail. However, plaintiffs alternately argue that it was the sheriff's mistake to send process by certified mail, and plaintiffs do not know how this happened. In reviewing the directive for service to the sheriff, we note that the plaintiffs had several options to direct the sheriff how service was to be made. Those options include personal, person in charge, deputize, certified mail, registered mail, first class mail and posted. In their directions to the sheriff, the box "certified mail" is checked; and the sheriff duly complied with plaintiffs' directive to mail the original process to the defendant at his address in Lancaster, Pennsylvania. Lancaster is not within Monroe County.

Since Lancaster, the address of the defendant, is not within Monroe County, Pa.R.C.P. 400(d) would require the plaintiff to request the Sheriff of Monroe County to deputize the Sheriff of Lancaster County for personal service of the defendant in that county. This was an option available to the plaintiffs which they did not take.

Plaintiffs also argue in their brief that since the defendant is aware of the lawsuit, he has not been prejudiced in any way and we should dismiss the preliminary objections and order him to file a response to the complaint.

In *Azzarrelli v. City of Scranton,* 655 A.2d 648 (Pa. Commw. 1995), the Commonwealth Court was faced with a somewhat similar argument as plaintiffs make in this case. Plaintiffs cite us to that case to bolster their argument. We find, however, that a close reading of *Azzarrelli* would support defendant's position. In that case, the Commonwealth Court dismissed a personal injury action filed by Mrs. Azzarrelli due to lack of proper service of original process as well as the delay between the accident which occurred in 1982 and the filing of the complaint in 1990. The Lackawanna County Trial Court had dismissed the defendant's preliminary objections and ignored Mrs. Azzarrelli's noncompliance with the Pennsylvania Rules of Civil Procedure reasoning that even though they were not complied with, the City of Scranton had received notice. In reversing the trial court, the Commonwealth Court found that the delay of time coupled with the defective service prejudiced the city. The Commonwealth Court cited *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976) wherein the Pennsylvania Supreme Court found that in addition to properly filing the writ of summons within the applicable time limit, the plaintiff must also refrain from a course of conduct which would serve to stall in its tracks the legal machinery which the plaintiff has set in motion. The court further stated that it would impose an affirmative duty on the plaintiff to utilize "good faith" efforts to notify a defendant of a lawsuit. *Azzarelli, supra* also cited *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa.

350, 603 A.2d 1006 (1992). In that case, our Supreme Court found that if there is a lack of due diligence in failing to proceed with reasonable promptitude and there is no compelling reason for the delay and if the delay is more than two years, the case may be dismissed for lack of activity on the docket.

The automobile accident in question occurred in 1991. The summons was defectively served in 1993. In 1995, a complaint was filed to which there is no file or docket evidence of service. We cannot say with the docket entries in front of us that the plaintiffs have shown good faith in moving this case forward. As our Supreme Court stated, "It is the duty of a plaintiff to prosecute his or her case without delay." *Azzarelli, supra* at 652, citing *Penn Piping.*

The test for granting a demurrer is whether it is clear from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his or her right to relief. *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976). It is clear from the record in this case that plaintiffs took no steps to prosecute their case with due diligence after improperly serving defendant with a writ of summons. Nearly five years have passed since the automobile accident giving rise to this lawsuit. Nearly three years have passed since the improper service. While the docket shows a complaint filed in August of 1995, it does not reflect service. We find that plaintiffs' failure to prosecute their case combined with the defective service has prejudiced the defendant as a matter of law. Therefore, we enter the following order.

## ORDER

And now, January 26, 1996, the preliminary objections of the defendant are granted, and the plaintiffs' complaint is stricken with prejudice.