IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
        v.     :
    :
Marvase J. Spell,     :    No. 1720 C.D. 2016
         Appellant     :    Submitted: May 5, 2017


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                  FILED: November 9, 2017


Marvase J. Spell (Appellant) appeals *pro se* from an Order of the Court of Common Pleas of Allegheny County (trial court), which denied Appellant's application for restoration of his firearm rights. Upon review, we affirm.

In 2015, this Court addressed a petition for review filed by Appellant seeking relief from an order of an administrative law judge of the Office of Attorney General that upheld the Pennsylvania State Police's (PSP) refusal to restore Appellant's firearm rights. *See Spell v. Pennsylvania State Police*, (Pa. Cmwlth. No. 2267 C.D. 2014, filed November 18, 2015) (Brobson, J.), 2015 WL 7356222 (unreported) (*Spell I*). In that matter, Appellant did not dispute the accuracy of PSP's records indicating his application for restoration of rights had been denied "due to his convictions for Unlawful Restraint, Terroristic Threats, and Possession of a Controlled Substance," crimes which render him ineligible to carry a firearm

pursuant to Section 6109(e) of the Pennsylvania Uniform Firearms Act of 1995 (Act).[1]  *Id.*  In affirming, this Court acknowledged that the court of common pleas was the venue in which Appellant would have to seek the relief he requested.

On May 27, 2016, Appellant filed a petition with the trial court, seeking restoration of his firearm rights.  The trial court scheduled the matter for a motions hearing to be held June 28, 2016, at which time Appellant failed to appear.  As a result, the trial court issued an order on July 1, 2016, denying relief.  This appeal followed.[2]

The sole issue before this Court is whether the trial court erred in denying Appellant's request.

Appellant argues he should be relieved of his firearms disability pursuant to Sections 6105(d)(3)(ii) and 6105(e)(2) of the Act.  18 Pa.C.S. § 6105.  Appellant also argues Section 6105.1 of the Act is applicable in determining whether restoration of his firearms rights is warranted.  Section 6105.1 states, in pertinent part, a court "shall grant restoration of firearms rights after a hearing in open court to determine whether the requirements of this section have been met…"  18 Pa. C.S. § 6105.1.  Essentially, Appellant is requesting this Court to address the merits of his application filed with, and denied by, the trial court.

By the terms of 18 Pa. C.S. § 6105, individuals who have been convicted of enumerated offenses and individuals under other forms of disability are

---

[1] 18 Pa. C.S. § 6109(e).

[2] Our standard of review of a decision of a trial court is limited to a determination of whether the trial court abused its discretion, whether it committed an error of law, or whether constitutional rights were violated.  *Azzarrelli v. City of Scranton*, 655 A.2d 648 (Pa. Cmwlth. 1995).

prohibited from possessing firearms. A disqualified individual may make application to the court of common pleas for relief from the disability imposed by Section 6105. Specifically, as it relates to this case, under Subsection 6105(d)(3)(ii), the court shall grant relief if the following condition[3] is met: a period of ten years, not including any time spent in incarceration, has elapsed since the most recent conviction of the applicant of a crime enumerated in subsection (b), a felony violation of The Controlled Substance, Drug, Device and Cosmetic Act[4] or the offense which resulted in the prohibition under 18 U.S.C. § 922(g)(9). 18 Pa. C.S. § 6105(d)(3)(ii).

Upon receipt of Appellant's petition, the trial court scheduled a hearing. On the date set for that hearing, Appellant failed to appear. The complete transcript from that proceeding is as follows:

THE COURT: Matter of Marvase Spell. What is this?

MS. DIGIOVANNI [DEPUTY DISTRICT ATTORNEY]: Your Honor, Mr. Spell has a lengthy criminal record which prohibits him from having a firearm; and he has made a petition to the Court to have that prohibition lifted. Both the Allegheny County Sheriff and the Allegheny County District Attorney were here to oppose Mr. Spell's petition; but given that he scheduled it and failed to appear, I would ask the Court to deny it.

THE COURT: It is denied. You can sort through that and figure out which orders you want me to sign.

---

[3] Subsection 6105(d)(3) imposes an additional condition whereby the Secretary of the Treasury of the United States must relieve the applicant of an applicable disability. However, the court may waive this condition if it determines the Congress of the United States has not appropriated sufficient funds to enable the Secretary of the Treasury to grant relief to applicants eligible for the relief.

[4] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101 – 780-144.

MS. DIGIOVANNI: Thank you, your Honor.

Trial Court Hearing, 6/28/16, Notes of Testimony at 1.[5]

When reviewing matters in its appellate capacity, this Court is bound by the facts certified in the record on appeal. *Cambria County Mental Health/Mental Retardation v. State Civil Service Commission,* 756 A.2d 103, 106 n. 6 (Pa. Cmwlth. 2000). As a reviewing court, we cannot engage in the fact-finding required under 18 Pa. C.S. § 6105. "[This] Court is an appellate body and is not empowered to conduct a new trial based on issues that were not raised below. To do so would not only exceed our authority, but it would also prejudice opposing parties." *Busch v. Department of Transportation, Bureau of Driver Licensing*, 900 A.2d 992, 996 (Pa. Cmwlth. 2006). "An appellate court does not sit to review questions that were neither raised, tried, nor considered in the trial court." *Department of Transportation, Bureau of Driver Licensing v. Boros*, 620 A.2d 1139, 1143 (Pa. Cmwlth. 1993).

Here, Appellant failed to appear and thus failed to make a factual record adequate for purposes of appellate review. As noted in the trial court's opinion of March 14, 2017:

> Appellant failed to specifically or clearly state in his initial motion why he was entitled to have his firearms rights restored. Appellant has not provided the criminal information for the disabling offense(s) which, allegedly, originally resulted in the loss of Appellant's firearm rights. Furthermore, Appellant has failed to establish, with any particularity whatsoever, why he is entitled to have his firearm rights restored or how he has met the requirements for such restoration. Without this information, and

---

[5] Appellant did not seek reconsideration of the trial court's denial.

4

> with Appellant's failure to appear at his own scheduled hearing, the Motions Court could not address Appellant's motion, and thus it did not err in denying the motion.

Trial Court Opinion, 3/14/17 at 4-5.

As this Court stated in *Spell I*, "upon application and hearing, the court of common pleas ... shall grant such relief from the disability if it determines that the applicant meets the criteria." *Spell I*, slip op. at 2, 2015 WL 7356222. On this record, the court of common pleas was precluded from making such a determination and thus precluded from granting the requested relief. Finding no error in its decision, we affirm.

_____
JOSEPH M. COSGROVE, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
:
v. :
:
Marvase J. Spell, : No. 1720 C.D. 2016
Appellant :

## O R D E R

AND NOW, this 9th day of November, 2017, the order of the Court of Common Pleas of Allegheny County is affirmed.

_____
JOSEPH M. COSGROVE, Judge