IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Charles Talbert              :
                                           :      No. 866 C.D. 2023
Appeal of: Charles Talbert     :      Submitted: September 9, 2024

BEFORE:   HONORABLE ELLEN CEISLER, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT        FILED:  October 23, 2024

Charles Talbert, *pro se*, appeals from an order of the Court of Common Pleas of Philadelphia County (trial court), which denied Talbert's petition for restoration of his firearm rights (Petition).  On appeal, Talbert argues that he has a right to possess a firearm to protect himself and that his current incarceration is not a valid reason to deny his petition.  We affirm.

On July 14, 2023, Talbert, who is incarcerated at the State Correctional Institution at Fayette, filed a petition for restoration of his firearms rights.  The petition stated that in 2011, while living in the City of Philadelphia, he was shot multiple times.  He was unable to defend himself because he could not legally purchase a firearm due to his prior convictions.  The petition further stated that Talbert intended to return to Philadelphia upon his release from prison.  He believes his life is "in imminent danger" because "there is a current epidemic of gun violence in neighborhoods where [he] has family and friends."  Petition ¶¶7-8.  Further, he has been singled out by people who want to kill him.  *Id*. ¶6.  Talbert needs a firearm to protect himself, which he believes constitutes a valid ground for possession of a

firearm under Section 6105(d) of the Pennsylvania Uniform Firearms Act of 1995 (Act), 18 Pa. C.S. §6105(d).

By order of July 18, 2023, the trial court dismissed Talbert's petition for the stated reason that Talbert was incarcerated and did not meet any of the exemptions set forth in 18 Pa. C.S. §6105(d). Original Record, Item No. 3. The order provided that Talbert could refile a petition upon his release from incarceration if he otherwise qualifies for an exemption set forth in the statute. Talbert appealed.

On appeal,[1] Talbert argues that the trial court erred in denying his petition. Talbert contends that the trial court did not identify "any grounds" provided in Section 6105(d) of the Act that would authorize a denial of his petition. Talbert Brief at 6. Further, incarceration is not a stated ground under Section 6105(d). Talbert also contends that the trial court did not consider the facts stated in his petition that demonstrated his need to protect himself, which is a right protected by the United States and Pennsylvania Constitutions.

Section 6105(a) of the Act disqualifies certain persons from owning firearms. 18 Pa. C.S. §6105(a). Section 6105(a)(1) of the Act provides:

> A person who has been convicted of an offense enumerated in subsection (b),[2] within or without this

---

[1] Our standard of review of a decision of a trial court determines whether the trial court abused its discretion, whether it committed an error of law, or whether it violated constitutional rights. *Commonwealth v. Spell* (Pa. Cmwlth., No. 1720 C.D. 2016, filed November 9, 2017) (unreported), slip op. at 2 n.2 (citing *Azzarrelli v. City of Scranton*, 655 A.2d 648 (Pa. Cmwlth. 1995)). *Spell* is an unreported opinion that may be considered by the Court for its persuasive value. 210 Pa. Code §69.414(a).

[2] Those offenses are:

Section 908 (relating to prohibited offensive weapons).
Section 911 (relating to corrupt organizations).
Section 912 (relating to possession of weapon on school property).
Section 2502 (relating to murder).

Section 2503 (relating to voluntary manslaughter).

Section 2504 (relating to involuntary manslaughter) if the offense is based on the reckless use of a firearm.

Section 2702 (relating to aggravated assault).

Section 2703 (relating to assault by prisoner).

Section 2704 (relating to assault by life prisoner).

Section 2709.1 (relating to stalking).

Section 2716 (relating to weapons of mass destruction).

Section 2901 (relating to kidnapping).

Section 2902 (relating to unlawful restraint).

Section 2910 (relating to luring a child into a motor vehicle or structure).

Section 3121 (relating to rape).

Section 3123 (relating to involuntary deviate sexual intercourse).

Section 3125 (relating to aggravated indecent assault).

Section 3301 (relating to arson and related offenses).

Section 3302 (relating to causing or risking catastrophe).

Section 3502 (relating to burglary).

Section 3503 (relating to criminal trespass) if the offense is graded a felony of the second degree or higher.

Section 3701 (relating to robbery).

Section 3702 (relating to robbery of motor vehicle).

Section 3921 (relating to theft by unlawful taking or disposition) upon conviction of the second felony offense.

Section 3923 (relating to theft by extortion) when the offense is accompanied by threats of violence.

Section 3925 (relating to receiving stolen property) upon conviction of the second felony offense.

Section 4906 (relating to false reports to law enforcement authorities) if the fictitious report involved the theft of a firearm as provided in section 4906(c)(2).

Section 4912 (relating to impersonating a public servant) if the person is impersonating a law enforcement officer.

Section 4952 (relating to intimidation of witnesses or victims).

Section 4953 (relating to retaliation against witness, victim or party).

Section 5121 (relating to escape).

Section 5122 (relating to weapons or implements for escape).

Section 5501(3) (relating to riot).

Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c)[3] shall

---

Section 5515 (relating to prohibiting of paramilitary training).

Section 5516 (relating to facsimile weapons of mass destruction).

Section 6110.1 (relating to possession of firearm by minor).

Section 6301 (relating to corruption of minors).

Section 6302 (relating to sale or lease of weapons and explosives).

Any offense equivalent to any of the above-enumerated offenses under the prior laws of this Commonwealth or any offense equivalent to any of the above-enumerated offenses under the statutes of any other state or of the United States.

18 Pa. C.S. §6105(b).

[3] Those persons also subject to the prohibition in Section 6105(a) of the Act include:

(1) A person who is a fugitive from justice. This paragraph does not apply to an individual whose fugitive status is based upon a nonmoving or moving summary offense under Title 75 (relating to vehicles).

(2) A person who has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, that may be punishable by a term of imprisonment exceeding two years.

. . . .

(5) A person who, being an alien, is illegally or unlawfully in the United States.

. . . .

(7) A person who was adjudicated delinquent by a court pursuant to 42 Pa. C.S. §6341 (relating to adjudication) or under any equivalent Federal statute or statute of any other state as a result of conduct which if committed by an adult would constitute an offense under sections 2502, 2503, 2702, 2703 (relating to assault by prisoner), 2704, 2901, 3121, 3123, 3301, 3502, 3701 and 3923.

. . . .

(9) A person who is prohibited from possessing or acquiring a firearm under 18 U.S.C. §922(g)(9). If the offense which resulted in the prohibition under 18 U.S.C. §922(g)(9) was committed, as provided in 18 U.S.C. §921(a)(33)(A)(ii) (relating to definitions), by a person in any of the following relationships:

(i) the current or former spouse, parent or guardian of the victim;

(ii) a person with whom the victim shares a child in common;

(iii) a person who cohabits with or has cohabited with the victim as a spouse, parent or guardian; or

(iv) a person similarly situated to a spouse, parent or guardian of the victim;

4

not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa. C.S. §6105(a)(1).  However, a disqualified person may make application to the court of common pleas for relief from this disability.  18 Pa. C.S. §6105(d). Section 6105(d) of the Act provides:

> **Exemption.--***A person who has been convicted of a crime specified in* subsection (a) or (b) or a person *whose conduct meets the criteria* in subsection (c)(1), (2), (5), (7) or (9) *may make application* to the court of common pleas of the county where the principal residence of the applicant is situated for relief from the disability imposed by this section upon the possession, transfer or control of a firearm.  The court shall grant such relief if it determines that any of the following apply:
>
> (1) *The conviction has been vacated* under circumstances where all appeals have been exhausted or where the right to appeal has expired.
>
> (2) *The conviction has been the subject of a full pardon* by the Governor.
>
> (3) Each of the following conditions is met:
>
> > (i) The *Secretary of the Treasury of the United States has relieved the applicant of an applicable disability* imposed by Federal law upon the possession, ownership or control of a firearm as a result of the applicant's prior conviction, except that the court may waive this condition if the court determines that the Congress of the United States has not appropriated sufficient funds to enable the Secretary of the Treasury to grant relief to applicants eligible for the relief.
> >
> > (ii) A period of ten years, not including any time spent in incarceration, has elapsed since the most recent conviction of the applicant of a crime enumerated in subsection (b), a

---

then the relationship need not be an element of the offense to meet the requirements of this paragraph.

18 Pa. C.S. §6105(c)(1)-(2), (5), (7), (9).

5

> felony violation of The Controlled Substance, Drug, Device and Cosmetic Act or the offense which resulted in the prohibition under 18 U.S.C. §922(g)(9).

18 Pa. C.S. §6105(d) (emphasis added).

Here, Talbert did not relate the allegations in his petition to the prerequisites for relief set forth in Section 6105(d). His petition did not specify the offense for which he was convicted and whether it is a disqualifying offense listed in 18 Pa. C.S. §6105(b). It did not state whether his conduct met the criteria in Section 6105(c). The petition did not even establish that his right to possess a firearm had been lost by virtue of a criminal conviction.

Most importantly, Talbert's petition did not establish how he met any of the exemptions set forth in Section 6105(d), such as a claim that his conviction was vacated or that he had been pardoned. It did not allege that he had been relieved of his federal firearms disability or that 10 years had elapsed since his conviction of a disqualifying offense, excluding time spent incarcerated. Additionally, Talbert did not attach any documents to the petition showing that his conviction had been vacated, that he received a full pardon, or that he has been relieved of his federal firearms disability.

In short, the trial court correctly determined that Talbert's petition did not meet any of the exemptions set forth in Section 6105(d).

We agree that Talbert's current residence, whether it be in a state prison or with his family, is not a condition, by itself, that bars relief from a firearms disability. Time spent incarcerated can be considered by the trial court when relief is sought under Section 6105(d)(3) of the Act, which requires, in part, that a period of 10 years, *not including any time spent in incarceration*, has elapsed since the most recent conviction of a disqualifying offense. *See* 18 Pa. C.S. §6105(d)(3). However,

6

Talbert's petition did not invoke Section 6105(d)(3).  To the extent the trial court dismissed Talbert's petition for the stated reason that he was incarcerated, this constitutes at most harmless error.

Talbert's petition also challenged the constitutionality of Section 6105(a) as violating his right to possess firearms.  His petition asserts that Section 6105(a) violates the Second Amendment of the United States Constitution, U.S. CONST. amend. II,[4] and article I, section 21 of the Pennsylvania Constitution, PA. CONST. art. I, §21.[5]  However, neither his petition nor his brief has developed this constitutional argument.  Notably, it has been specifically held that the prohibition on the possession of firearms by convicted felons does not violate the Second Amendment or article I, section 21.  *Commonwealth v. McIntyre*, 314 A.3d 828, 842 (Pa. Super. 2024); *Commonwealth v. Nieves-Crespo* (Pa. Super., No. 980 MDA 2023, filed May 17, 2024) (non-precedential decision),[6] slip op. at 29-30.[7]

---

[4] It states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. CONST. amend. II.

[5] It states: "The right of the citizens to bear arms in defence of themselves and the State shall not be questioned."  PA. CONST. art. I, §21.

[6] Non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value pursuant to PA.R.A.P. 126(b).  *See also In re Upset Sale of Lehigh County Tax Claim Bureau of Properties Held on September 15, 2021* (Pa. Cmwlth., No. 1442 C.D. 2021, filed August 3, 2023), slip op. at 4 n.7 (decisions of the Superior Court, including unpublished panel decisions, may provide persuasive authority where they address analogous issues).  *Cf. Delaware Valley Landscape Stone, Inc. v. RRQ, LLC*, 284 A.3d 459, 461 n.3 (Pa. Super. 2022) (decisions of Commonwealth Court, including unpublished panel decisions, may provide persuasive authority for the Superior Court).

[7] On September 11, 2023, Talbert filed a motion pursuant to the collateral order doctrine, seeking to have this Court consider whether he is entitled to relief pursuant to Section 6105(f) of the Act, 18 Pa. C.S. §6105(f), relating to other exemptions for individuals adjudicated as incompetent or involuntarily committed to a mental institution and individuals subject to an active protection from abuse order.  The collateral order doctrine permits appellate review "of a narrow class of orders which address claims of right 'separable from, and collateral to, rights asserted in the action, too important to be denied review[,] and too independent of the cause [of action] itself to require that

For these reasons, we affirm the trial court's order dismissing Talbert's petition for restoration of his firearm rights.[8]

_____
MARY HANNAH LEAVITT, President Judge Emerita

appellate consideration be deferred until the whole case is adjudicated.'" *Trinidad v. Department of Transportation*, 273 A.3d 85, 90 (Pa. Cmwlth. 2022) (quoting *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1124-25 (Pa. 2009)). The collateral order doctrine is inapplicable because there is no order disposing of a Section 6105(f) claim before this Court. Rather, Talbert raises this matter for the first time on appeal. Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. PA.R.A.P. 302(a). Accordingly, Talbert's motion is denied.

[8] On August 19, 2024, Talbert filed an application to supplement the record with a letter from the Victim Services Unit of the Philadelphia District Attorney's Office about a petition filed by the person convicted of shooting him. Talbert's application is granted, but it does not alter the outcome of his appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Charles Talbert        :
                            :     No. 866 C.D. 2023

Appeal of: Charles Talbert   :

## **O R D E R**

AND NOW, this 23rd day of October, 2024, Charles Talbert's "Motion for the Commonwealth Court to Consider the Ruling of the Lower Court Under the 'Collateral Order Doctrine,'" filed September 11, 2023, is DENIED.

Charles Talbert's "Application to Supplement the Record," filed August 19, 2024, is GRANTED.

The order of the Court of Common Pleas of Philadelphia County, dated July 18, 2023, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita